John Swenson (SBN 224110)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA  90067
Phone: 310.734.3200
Fax:  310.734.3300
Email:  jswenson@steptoe.com

Attorneys for Defendant Red Door Salons, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KNIGHT and MARCIE DAVE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> RED DOOR SALONS, INC., an Arizona Corporation and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 3:08-cv-01520-SC <br><br> (San Francisco County Superior Court Case No. CGC-08-471683) <br><br> **CERTIFICATION OF SERVICE OF NOTICE OF REMOVAL ON PARTIES IN STATE COURT** <br><br> Action Filed:  January 31, 2008 |

I, Maria Rodriguez, hereby certify and declare as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067.

3. On March 20, 2008, I caused to be personally served  upon Plaintiffs' counsel in this case, Gary E. Moss of the Law Offices of Moss & Hough, and Michael Von Loewenfeldt of the Law Offices of Kerr & Wagstaffe, LLP: (a) the Notice of Removal, which was filed with the United States District Court for the Northern District of California on March 19, 2008; (b) the Notice of filing of Removal of Action to the United States District Court for the Northern District of California, which was filed with the Superior Court of the State of California for the County of San Francisco on March 20, 2008; and (c) the Notice of Assignment to United States Magistrate, the Order Setting Initial Case Management Conference and ADR deadlines, Standing Order for

1

1  All Judges of the Northern District of California re: Contents of Joint Case Management

2  Statement, and form allowing a party to consent to assignment of the case to a Magistrate Judge.

3  True and correct copies of the Notice of Filing Notice of Removal, Notice of Removal, the

4  Court's Order Setting Initial Case Management Conference and ADR Deadlines, along with all

5  Court-issued documents served on counsel is attached hereto as Exhibit "1."

6      I certify and declare under penalty of perjury under the laws of the United States of

7  America and of the State of California that the foregoing is true and correct.

8  DATED:  March 31, 2008

9                                                    By:  Maria Rodriguez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

28  **CERTIFICATION OF SERVICE OF NOTICE OF REMOVAL ON PARTIES IN STATE COURT**
**(No. 3:08-cv-01520-SC)**                                                              553413

03/20/200                    FIRST LEGAL                    4'  '61331



1  John Swenson (SBN 224110)
   STEPTOE & JOHNSON LLP
2  2121 Avenue of the Stars, 28th Floor
   Los Angeles, California 90067
3  Telephone: 310.734.3200
   Facsimile: 310.732.3300
4  Email: jswenson@steptoe.com

5  Attorneys for Defendant Red Door Salons, Inc.

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  IN AND FOR THE COUNTY OF SAN FRANCISCO

                          (UNLIMITED JURISDICTION)

9  LISA KNIGHT and MARCIE DAVE, on      )   **CLASS ACTION**  ͗ ͔ ͓ Fax
10 behalf of themselves and all others similarly )
   situated,                           )   Case No. CGC-08-471683
11                                      )
                  Plaintiffs,           )   **DEFENDANT'S NOTICE OF FILING**
12                                      )   **NOTICE OF REMOVAL**
   vs.                                  )
13                                      )   Case Management Conference Set
   RED DOOR SALONS, INC., an Arizona    )   Date:  July 3, 2008
14 Corporation and DOES 1 through 25,   )   Time:  9:00 a.m.
   inclusive,                           )   Dept.: 212
15                                      )
                  Defendants.           )   Action Filed: January 31, 2008
16                                      )   Trial Date: Not Set
17 ─────────────────────────────────── )

18        TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN

19 FRANCISCO, AND TO THE PLAINTIFFS LISA KNIGHT AND MARCIE DAVE AND

20 THEIR COUNSELS OR RECORD:

21        PLEASE TAKE NOTICE that Notice of Removal in this action has been filed in the

22 United States District Court for the Northern District of California, on or about March 19, 2008,

23 bearing United States District Court Case No. CV 08-1520 pursuant to U.S.C. Section 1332 and

24 1441, and notice of this removal is hereby provided pursuant to 28 U.S.C. Section 1446(d).  A

25 true copy of the Notice of Removal, including attached Exhibits A through F, Corporate

26 Disclosure Statement and Certification of Interested Parties, are attached hereto as Exhibit "1."

27

28

                                        1
   ─────────────────────────────────────────────────────────────────────
          **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**          552036

**EXHIBIT 1**

03/20/200'    FIRST LEGAL    4'  '61331

1   DATED:  March 20, 2008.

2                          STEPTOE & JOHNSON LLP

3

4                          By_____
                            John Swenson

5                          Attorneys for Defendant
                          RED DOORS SALONS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ORIGINAL FILED

MAR 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  John Swenson (SBN 224110)
   STEPTOE & JOHNSON LLP
2  2121 Avenue of the Stars
   Suite 2800
3  Los Angeles, CA  90067
   Phone: 310.734.3200
4  Fax: 310.734.3300
   Email: jswenson@steptoe.com
5
6  Attorneys for Defendant Red Door Salons, Inc.

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

E-filing

9   LISA KNIGHT and MARCIE DAVE, on      )
    behalf of themselves and all others similarly  )
10  situated,                            )   No. **08** — **1520**
                                         )
11              Plaintiffs,              )   (San Francisco County Superior Court
                                         )   Case No. CGC-08-471683)
12  vs.                                  )
                                         )   NOTICE OF REMOVAL PURSUANT
13  RED DOOR SALONS, INC., an Arizona    )   TO 28 U.S.C. §§ 1332(a), (d), 1441 and
    Corporation and DOES 1 through 25,   )   1446
14  inclusive,                           )
                                         )   (DIVERSITY & CLASS ACTION
15              Defendants.              )   FAIRNESS ACT)
                                         )
16                                       )   Action Filed: January 31, 2008
                                         )
17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS AND THEIR

19  ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE that Defendant Red Door Salons, Inc. ("Defendant" or "Red

21  Door") hereby removes this action from the Superior Court of the State of California for the

22  County of San Francisco to the United States District Court for the Northern District of California,

23  pursuant to 28 U.S.C. §§ 1332(a), (d), 1441 and 1446.  A short plain statement of the grounds for

24  removal follows:

25                    **STATEMENT OF JURISDICTION**

26       1.    This Court has original jurisdiction over this action under: 1) 28 U.S.C. § 1332(a)

27  (diversity jurisdiction); and 2) 28 U.S.C. § 1332(d) (The Class Action Fairness Act of 2005

28                                    1

**NOTICE OF REMOVAL TO FEDERAL COURT**                           552038
(No. _____)

1  ("CAFA")).  28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions

2  between citizens of different states and the amount in controversy exceeds the sum of $75,000,

3  exclusive of interest and costs.  The CAFA grants district courts original jurisdiction over civil

4  class actions filed under federal or state law in which any member of a class of plaintiffs is a

5  citizen of a state different from any defendant and where the amount in controversy for the

6  putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of

7  interests and costs.  As set forth below, this case meets all of the requirement for removal under

8  both 28 U.S.C. § 1332(a) and the CAFA and is timely and properly removed by the filing of this

9  Notice.

10                              **INTRADISTRICT ASSIGNMENT**

11       2.       Assignment to the San Francisco division of the United States District Court for the

12  Northern District of California is appropriate because this is a civil action which arises in the

13  County of San Francisco, California.  *See* Civil L.R. 3-2(d); 3-5(b).

14                          **PLEADINGS, PROCESS, AND ORDERS**

15       3.       On or about January 31, 2008, Plaintiffs filed a Class Action Complaint against

16  Defendant in the Superior Court of the State of California for the County of San Francisco,

17  entitled *Lisa Knight, et al. v. Red Doors Salons, Inc., et al.*, Case No. CGC-08-471683

18  ("Complaint").

19       4.       Plaintiffs' Complaint asserts eleven (11) causes of action:  (1) unlawful wage

20  deductions; (2) compelled patronization; (3) failure to reimburse business expenses; (4) failure to

21  pay overtime compensation; (5) payment of secret wages; (6) failure to provide accurate wage

22  statements; (7) failure to pay wages for break periods; (8) failure to pay wages for meal periods;

23  (9) waiting time penalties; (10) illegal non-competition agreements; and (11) unfair and unlawful

24  business practices.

25       5.       A copy of the Summons, Civil Case Cover Sheet, Complaint, Notice of Case

26  Management Conference and Civil ADR Program Packet were served on Red Door via its Agent

27  for Service of Process, CT Corporation Systems, on February 19, 2008.  This is the first date upon

28                                        2

**NOTICE OF REMOVAL TO FEDERAL COURT**                                      552038
**(No. _____ )**

1   which Defendants received a copy of the Complaint. True and correct copies of the documents

2   served on Defendants are attached hereto as Exhibits A through E.

3        6.      Because Red Door is the only named Defendant and the only Defendant served,

4   there are no other consents required for removal.

5        7.      No further related proceedings have been heard in San Francisco Superior Court.

6        8.      This Notice is timely in that it has been filed within thirty (30) days of Plaintiffs'

7   service of the Complaint.

8   **JURISDICTION PURSUANT TO TRADITIONAL DIVERSITY OF CITIZENSHIP**

9        9.      This action is a civil action over which this Court has original jurisdiction under 28

10  U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

11  provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and

12  the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13       10.     During the entire course of their employment with Defendant, Plaintiffs were

14  employed in the State of California. Declaration of Susan Haas ("Haas Declaration") at ¶ 4,

15  attached hereto as Exhibit F. Plaintiff Lisa Knight provided Red Door with addresses located in

16  Concord and San Francisco, California as the location at which she elected to receive

17  communications from Red Door during her employment. *Id.* Plaintiff Marcie Dave provided Red

18  Door with an address located in Millbrae, California as the location at which she elected to receive

19  communications from Red Door during her employment. *Id.* Plaintiffs are therefore citizens of

20  the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which

21  he or she is domiciled).

22       11.     Red Door was at the time of the filing of this action, and remains, a citizen of the

23  State of Arizona, in that it was and continues to be a corporation incorporated under the laws of

24  the State of Arizona with its principal place of business in Arizona. Haas Declaration at ¶ 3. Red

25  Door is a citizen of the State of Arizona for diversity purposes. Red Door is not a citizen of the

26  State of California. 28 U.S.C. § 1332(c)(1).

27

28

3

NOTICE OF REMOVAL TO FEDERAL COURT                                                        552038
(No. _____ )

12.     Defendants Does 1 through 25, inclusive, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The citizenship of defendants sued under fictitious names should be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

13.     Plaintiffs' Complaint is silent as to the total amount in controversy. As such, Defendant needs only to establish by a preponderance of evidence that the amount in controversy in Plaintiffs' Complaint exceeds the jurisdictional minimum. *See e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14.     Defendant denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon. However, the amount in controversy in Plaintiffs' Complaint, including the total amount of wages, penalties, interest, attorneys' fees, injunctive relief and other monetary relief, is more likely than not in excess of $75,000.00, calculated as follows:

> a. Plaintiff Lisa Knight ("Knight") was employed as an aesthetician with Red Door at its salon located at 126 Post Street in the City and County of San Francisco, California ("San Francisco Salon") from February 1999, until July 2007. Complaint at ¶¶ 1, 2.

> b. In 2004, Knight's gross income was approximately $21,557.38. In 2005, Knight's gross income was approximately $21,054.56. In 2006, Knight's gross income was approximately $24,940.45. Haas Declaration at ¶ 5. This equates to an average annual gross income of approximately $22,517.46 ($21,557.38 + $21,054.56 + $24,940.45 / 3 = $22,517.46). This equates to an average weekly wage of approximately $433.03 ($22,517.46 / 52 = $433.03). This equates to an average daily wage of approximately $86.61 ($433.03 / 5 = $86.61). This equates to an average hourly wage of approximately $10.82 ($86.61 / 8 = $10.82).

4

c.  In Counts One, Two, Three and Eleven of the Complaint, Knight alleges that Defendants "regularly deducted" amounts from her wages violation of California Labor Code §§ 221, 450, 2802, and California Business and Professions Code § 17200.  Knight will likely claim that these claims are governed by a four-year statute of limitations.  *See* Cal. Bus. & Prof. Code § 17208.[1]  Defendant denies Plaintiffs' claims.  Nevertheless, assuming the validity of Plaintiffs' allegations, and assuming that $50 was improperly deducted from each week of Knight's pay, the amount in controversy for these claims is approximately $10,400 ($50.00 x 208 weeks = $10,400).

d.  In Count Four of the Complaint, Knight seeks reimbursement for wages and overtime allegedly worked but not recorded or paid by Defendant.  Knight claims that "by failing to compensate Plaintiffs and the Class at a rate of one-and-one-half (1½) times the regular rate of pay for work performed above eight (8) hours in a workday or above forty (40) hours in a workweek, Defendants violated California law."  Complaint at ¶ 46.  This claim is governed by a three-year statute of limitations.  *See* Cal. Labor Code §§ 338(a), 1194.  Defendant denies Plaintiffs' claims.  Nevertheless, assuming the validity of Plaintiffs' allegations, and assuming Knight claims she was not compensated for five (5) overtime hours each week, the amount in controversy for this claim is approximately $12,659.40 ($16.23 x 5 hours x 156 weeks = $12,659.40).

e.  In Count Six of the Complaint, Knight alleges entitlement to penalties for violations of California Labor Code § 226(a) pertaining to Defendant's alleged failure to provide correct and accurate itemized wages statements.  Complaint

---

[1] In Count Five of the Complaint, Plaintiffs claim that Defendant "represented to Plaintiffs and each member of the Class that they were paying proper overtime to the Plaintiffs and members of the Class, while actually paying Plaintiffs and members of the Class less than the rate that was owed."  Complaint at ¶ 50.  Plaintiffs do not allege any distinct injury as the result of this alleged conduct.  As a result, this claim is not considered in Defendant's calculation of the amount in controversy.

5

NOTICE OF REMOVAL TO FEDERAL COURT                                              552038
(No. _____ )

1    at ¶ 55. The Labor Code provides that any employer "who violates subdivision

2    (a) of Section 226 shall be subject to a civil penalty in the amount of two

3    hundred fifty dollars ($250) per employee per violation in an initial citation and

4    one thousand dollars ($1,000) per employee for each violation in a subsequent

5    citation." Cal. Labor Code §226.3. This claim is governed by a one-year

6    statute of limitations and a $4,000 cap on damages, per employee. *See*

7    *Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007); Cal.

8    Labor Code § 226(e). During her employment at Red Door, Knight was paid

9    bi-weekly. Haas Declaration at ¶ 5. Defendant denies Plaintiffs' allegations.

10   Nevertheless, assuming the validity of Plaintiffs' allegations, the amount in

11   controversy for this claim exceeds the $4,000 statutory cap (24 payments x

12   $250 = $6,000).

13   f.   In Count Seven of the Complaint, Knight alleges damages for missed rest

14        periods pursuant to California Labor Code § 226.7 and Wage Order 2-2001.

15        Complaint ¶ 60. The Labor Code provides for one hour of additional pay, as a

16        penalty, for each workday that a rest period is not permitted. Plaintiffs will

17        likely argue that this claim is governed by a three-year statute of limitations.

18        *See White v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1085 (N.D. Cal. 2007).

19        Defendant denies Plaintiffs' claims. Nevertheless, assuming the validity of

20        Plaintiffs' allegations, and assuming the alleged conduct occurred on three (3)

21        workdays in each work week, the amount in controversy for this claim is

22        approximately $5,063.76 ($10.82 x. 3 hours x 156 weeks = $5,063.76).

23   g.   In Count Eight of the Complaint, Knight alleges claims for missed meal periods

24        pursuant to California Labor Code § 226.7 and Wage Order 2-2001. The Labor

25        Code provides for one hour of additional pay, as a penalty, for each workday

26        that a meal period is not provided. Plaintiffs will likely argue that this claim is

27        governed by a three-year statute of limitations. *See White v. Starbucks Corp.*,

28

6

1    497 F.Supp.2d 1080, 1085 (N.D. Cal. 2007).   Defendant denies Plaintiff's

2    claims.   Nevertheless, assuming the validity of Plaintiffs' allegations, and

3    assuming the alleged conduct occurred on three (3) workdays in each work

4    week, the amount in controversy for this claim is approximately $5,063.76

5    ($10.82 x 3 hours x 156 weeks = $5,063.76).

6    h.   In Count Nine of the Complaint, Knight seeks waiting time penalties under

7    California Labor Code § 203, which provides that wages continue at an

8    employee's daily rate of pay until the final wages are paid, or an action to

9    recover them is commenced, up to a maximum of 30 days.   *See Mamika v.*

10   *Barca*, 68 Cal. App. 4th 487, 493 (1998) (providing penalty under § 203 as the

11   "calculation of a daily wage rate, which can then be multiplied by the number

12   of days of nonpayment, up to 30 days.").   Defendant denies Plaintiffs' claims.

13   Nevertheless, assuming the validity of Plaintiffs' allegations, and assuming

14   Plaintiffs prevail on this claim, the amount of controversy for this claim is

15   approximately $2,589.30 ($86.61 x 30 days = $2,589.30).

16   i.   In Count Ten of the Complaint, Knight alleges that she signed a written

17   agreement with Defendant stating: "For six (6) months after the termination of

18   your employment with the Company for whatever reason, you shall not directly

19   or indirectly render hair, beauty, nail, or other services ordinarily provided by a

20   Company Spa/salon, to or for any person, firm, corporation (including self-

21   employment) directly or indirectly involved in the provision of such services

22   within a 5 mile radius from the home spa where you were employed, unless

23   written consent by the Company is granted."   Complaint at ¶ 72.   Knight

24   alleges that this agreement violates California Business and Professions Code §

25   16600, and requests declaratory and injunctive relief.   Complaint at ¶¶ 73-74.

26   When plaintiffs sue for declaratory and injunctive relief based upon the

27   existence of a non-competition agreement, courts consider the amount of

28

7

NOTICE OF REMOVAL TO FEDERAL COURT
(No. _____ )

552038

1    revenue generated by the affected employee in determining whether the

2    "amount in controversy" exceeds the relevant jurisdictional minimum. *See*

3    *e.g., Mahoney v. DePuy*, 2007 U.S. Dist. LEXIS 85856, *12-13 (E.D. Cal. Nov.

4    8, 2007). The amount of revenue Knight generated in 2007 was approximately

5    $44,250.47. Haas Declaration at ¶ 5. Defendant denies Plaintiffs' claims.

6    Nevertheless, assuming the validity of Plaintiffs' allegations, and assuming

7    Plaintiffs prevail on this claim, the amount of controversy for this claim is

8    approximately $44,250.47.

9    j.    Based on the amounts in controversy for Counts One, Two, Three and Eleven

10   [$10,400.00]; Four [$12,659.00]; Six [$4,000.00]; Seven [$5,063.76]; Eight

11   [$5,063.76]; Nine [$2,598.30]; and Ten [$44,250.47], the amount in

12   controversy for Knight's claim is approximately $84,035.29, which is over the

13   jurisdictional amount required for removal under 28 U.S.C. § 1332(a).

14   k.    Knight also seeks to recover her reasonable attorneys' fees. Complaint at ¶ 80.

15   It is well-settled that, in determining whether a complaint meets the amount in

16   controversy requirement, the Court should consider the aggregate value of

17   claims for damages as well as attorneys' fees. *See e.g., Galt G/S v. JSS*

18   *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Assuming that Knight's

19   attorneys' fees will constitute 25% of the amount in controversy for her claims,

20   that amount would equal approximately $21,000, further exceeding the $75,000

21   threshold set forth in 28 U.S.C. § 1332(a).

22   15.    The preponderance of the evidence is that the amount in controversy sought by the

23   facial allegations of Plaintiffs' Complaint is greater than the jurisdictional amount of $75,000.00.

24   Thus, removal of this action is appropriate.

25   ///

26   ///

27   ///

28                                              8

**NOTICE OF REMOVAL TO FEDERAL COURT**                          552038
**(No. _____)**

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

16.    The Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)[2], as amended, provides federal jurisdiction over any class action with at least 100 members, as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17.    This is a civil action over which this Court also has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

18.    This action has been styled as a class action pursuant to California Code of Civil Procedure § 382. Complaint at ¶ 19. Plaintiffs seek to represent: "All hair stylists, aestheticians, masseuses, or any similar commissioned worker, employed by Defendants to work at [Red Door] within the applicable statute of limitations period through the date of this action's final disposition." Complaint at ¶ 18.

19.    Defendant has employed approximately 79 different "hair stylists, aestheticians, masseuses, or any similar commissioned workers" at Red Door's San Francisco Salon since 2004. Haas Declaration at ¶ 5. Defendant has employed over 100 different "hair stylists, aestheticians, masseuses, or any similar commissioned workers" in the State of California since 2004. *Id.*

20.    As set forth above, Plaintiffs are citizens of the State of California and Defendant is a citizen of the State of Arizona. Accordingly, Plaintiffs are citizens of a state different from the Defendants.

21.    Plaintiffs' Complaint is silent as to the total amount in controversy. As such, Defendant needs only to establish by a preponderance of evidence that the amount in controversy

---

[2] None of the exceptions set forth in 28 U.S.C. § 1332(d) apply to the instant action.

9

**NOTICE OF REMOVAL TO FEDERAL COURT**
(No. _____ )

552038

1    in Plaintiffs' Complaint exceeds the jurisdictional minimum. *See e.g., Sanchez v. Monumental*

2    *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

3        22.    Plaintiffs allege that their claims are typical of the claims of each putative class

4    member. Complaint at ¶ 21. Assuming that the amount in controversy regarding Knight's claims

5    is "typical" of the claims of each member of the putative class, and based upon the calculations set

6    forth above, the total amount in controversy for the members of the putative class, excluding

7    attorneys' fees is approximately $8,403,529 ($84,035.29 x 100 members = $8,403,529).

8        23.    As a result, although Defendant denies Plaintiffs' claims for wrongdoing and

9    denies their requests for relief thereon, based upon the factual allegations in Plaintiffs' Complaint

10    and assuming, *arguendo*, Plaintiffs were able to prove these allegations, the total amount in

11    controversy sought by Plaintiffs and the other putative class members is in excess of $5 million,

12    exclusive of interest and costs, plus attorneys' fees. Removal under the Class Action Fairness Act

13    is therefore appropriate.

**NOTICE TO PLAINTIFFS**

15        24.    Contemporaneously with the filing of this Notice of Removal in the United States

16    District Court for the Northern District of California, written notice of such filing will be served

17    on Plaintiffs' counsel of record. In addition, a copy of this Notice of Removal will be filed with

18    the Clerk of the Court for San Francisco County Superior Court.

19        WHEREFORE, having provided notice as required by law, the above-entitled action

20    should be removed from the San Francisco County Superior Court.

21        RESPECTFULLY SUBMITTED this 19th day of March, 2008.

22        STEPTOE & JOHNSON LLP

23

24        By_____
    John Swenson

25        2121 Avenue of the Stars, 28th Floor
    Los Angeles, California 90067

26

27        Attorneys for Defendant

28                  10

01/31/2008  14:58    4153 .552                    MOSS&HOUGH                    PAGE  04/21

2/19/08  9:00 Am

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RED DOOR SALONS, INC., an Arizona Corporation and DOES 1
through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA KNIGHT and MARCIE DAVE, on behalf of themselves and those
similarly situated.

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:                                   CASE NUMBER:
*(El nombre y dirección de la corte es):*                                *(Número del Caso):* **CGC08-  471683**
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary E. Moss, Esq., Mary Patricia Hough, Esq., Derek M. Thomas, Esq.,
MOSS & HOUGH, 690 Van Ness Avenue, Suite 2030, San Francisco, CA  94102  (415) 399-1110

DATE:  **JAN 3 1 2008**              Clerk, by          GORDON PARK-LI  CHRISTINA E. BAUTISTA     , Deputy
*(Fecha)*                            *(Secretario)*                                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify):* Red Door Salons, Inc. An Arizona Corporation
   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use            Code of Civil Procedure §§ 412.20, 465
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                  **SUMMONS**

103565642 ₩ - 103112008 2:59:29 PM

## EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
02/19/2008
CT Log Number 513101888

| | |
|---|---|
| **TO:** | Gabriela Macko, Tax Manager<br>Elizabeth Arden Salons, Inc.<br>3822 E University Dr, Ste 5<br>Phoenix, AZ 85034- |
| **RE:** | **Process Served in California** |
| **FOR:** | Red Door Salons, Inc. (Domestic State: AZ) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lisa Knight and Marcie Dave, etc., Ptfs. vs. Red Door Salons, Inc, etc., et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Notice, Attachment, Stipulation Form, Case Management Statement |
| **COURT/AGENCY:** | San Francisco County- San Francisco, Superior Court, CA<br>Case # CGC08471683 |
| **NATURE OF ACTION:** | Employee Litigation - For unlawful wage deductions, for violation of labor, for failure to reimburse business expenses and failure to pay overtime compensation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/19/2008 at 09:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 7-3-08 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Gary E. Moss<br>Moss & Though<br>601 Van Ness Ave<br>San Francisco, CA 94102<br>415-399-1110 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791003260380<br>Email Notification, Gabriela Macko gmacko@rdspas.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Sandy L. 2/20/08*

Exhibit "A"
Page 12

Exhibit "1"
Page 16

01/31/2008  14:50   4153991552          MOSS&HOUGH                    PAGE  02/21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gary E. Moss, Esq. SBN 104542 // Mary Patricia Hough SBN 104542
Derek Thomas, Esq. SBN 248897
MOSS & HOUGH
601 Van Ness Avenue, Suite 2030, San Francisco, CA 94102
TELEPHONE NO.: 415/399-1110    FAX NO.: 415/399-1552
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

ENDORSED
FILED
San Francisco County Superior Court

JAN 3 1 2008

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
         Deputy Clerk

CASE NAME:
Lisa Knight & Marcie Dave v. Red Door Salons, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC08-  471683 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence         f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): Eleven (11)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: January 31, 2008
        Mary Patricia Hough                                    ▶
        (TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
                                                                                          www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT  B

| | |
|---|---|
| 1 | MICHAEL VON LOEWENFELDT (178665)<br>MICHAEL NG (237915) |
| 2 | KERR & WAGSTAFFE, LLP<br>100 Spear Street, Suite 1800 |
| 3 | San Francisco, CA 94105-1528<br>Telephone: (415) 371-8500 |
| 4 | Facsimile: (415) 371-0500 |
| 5 | GARY E. MOSS (43002)<br>MARY PATRICIA HOUGH (104542) |
| 6 | DEREK M. THOMAS (248897)<br>LAW OFFICES OF MOSS & HOUGH |
| 7 | 601 Van Ness Avenue, Suite 2030<br>San Francisco, CA  94102 |
| 8 | Telephone: (415) 399-1110<br>Facsimile: (415) 399-1552 |
| 9 | Attorneys for Plaintiffs |
| 10 | LISA KNIGHT, and MARCIE DAVE<br>on behalf of themselves and those similarly situated, |

**ENDORSED**
**FILED**
San Francisco County Superior Court

JAN 3 1 2008

GORDON PARK-LI, Clerk
BY: ____ CRISTINA E. GALLEGA
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

JUL 3  2008 -9:00 AM

**DEPARTMENT 212**

| | |
|---|---|
| 11 | |
| 12 | IN THE SUPERIOR COURT OF CALIFORNIA |
| 13 | FOR THE COUNTY OF SAN FRANCISCO |
| 14 | (UNLIMITED JURISDICTION) |
| 15 | |
| 16 | LISA KNIGHT and MARCIE DAVE, on behalf<br>of themselves and those similarly situated, |
| 17 | |
| 18 | Plaintiffs, |
| 19 | vs. |
| 20 | RED DOOR SALONS, INC., an Arizona<br>Corporation and DOES 1 through 25, inclusive, |
| 21 | Defendants. |

CLASS ACTION  CGC-08-471683

Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

BY FAX

| | |
|---|---|
| 22 | |
| 23 | |
| 24 | Plaintiffs LISA KNIGHT and MARCIE DAVE allege, on behalf of themselves and a |
| 25 | Class of those similarly situated, as follows: |
| 26 | **PARTIES** |
| 27 | 1.     Defendant RED DOOR SALONS, INC., is a corporation that owns and operates a |
| 28 | salon and day spa doing business under the fictitious name Elizabeth Arden Red Door Spa |

KERR &
WAGSTAFFE
LLP

1
Complaint

EXHIBIT C

1  (hereinafter referred to as "RDS"). RDS is located at 126 Post Street, in the City and County of

2  San Francisco, California.

3        2.        Plaintiffs LISA KNIGHT and MARCIE DAVE are former employees of

4  Defendant. KNIGHT was employed as an aesthetician at RDS beginning in February 1999.

5  KNIGHT resigned her employment in July 2007. Plaintiff DAVE was employed by RDS as a

6  hair stylist from January 9, 2007 through and including September 27, 2007. KNIGHT and

7  DAVE bring this action on behalf of themselves and all others similarly situated.

8        3.        The true names and capacities, whether individual, corporate, associate or

9  otherwise, of defendants DOES 1 through 25, inclusive, are unknown to Plaintiffs, who therefore

10  sue these defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiffs

11  further allege that each of these fictitious defendants is in some manner responsible for the acts

12  and occurrences herein set forth. Plaintiffs will amend this complaint to show these defendants'

13  true names and capacities when ascertained, as well as the manner in which each fictitious

14  defendant is responsible.

15        4.        Plaintiffs are informed and believe and on that basis allege, that each of the

16  defendants named in this complaint was an agent, servant, employee, co-conspirator, and/or joint

17  venturer of each of the remaining defendants, and was at all times acting within course and scope

18  of said agency, service, employment, conspiracy and/or joint venture.

19        5.        Defendants, and each of them, aided and abetted, encouraged and rendered

20  substantial assistance in accomplishing the wrongful conduct complained of herein. In taking

21  action, as particularized herein, to aid and abet and substantially assist the commission of these

22  wrongful acts complained of, each of the defendants acted with an awareness of his/her/its

23  primary wrongdoing and realized that his/her/its conduct would substantially assist the

24  accomplishment of the wrongful conduct and wrongdoing.

25                            **VENUE**

26        6.        Venue is proper in the County of San Francisco because obligations and liabilities

27  that are the basis of this action arose in San Francisco County.

28  //

KERR
&
WAGSTAFFE
LLP

**2**
Complaint

**GENERAL ALLEGATIONS**

7.      Plaintiff KNIGHT was employed as an aesthetician by RDS.  In that capacity, her primary duty was to provide skin care and hair removal services to clients.  KNIGHT was classified as an employee and paid on a commission basis.  KNIGHT's position was not exempt from the overtime requirements of California law or any other provisions of the California Labor Code.

8.      Plaintiff DAVE was employed as a hair stylist by RDS.  In that capacity, her primary duty was to provide hair styling, coloring and related hair care services to RDS clients.  DAVE was classified as an employee and paid on a commission basis.  DAVE's position was not exempt from the overtime requirements of California law or any other provisions of the California Labor Code.

9.      Plaintiffs KNIGHT and DAVE were paid an hourly wage as a draw against commissions.  The price customers paid for Plaintiffs' services was set by Defendants.  Upon hire, Plaintiffs were promised a set percentage of that price as a commission.  The commission percentages promised to Plaintiffs were set at 33% and 40% respectively.  Plaintiffs' primary duties were to perform services for customers, not to sell products.  However, Plaintiffs were also paid a commission, ranging from 5% to 10%, on skin care, beauty and nail products purchased from the spa by their customers.

10.      During Plaintiffs' employment, Defendants regularly and unlawfully deducted amounts from Plaintiffs' wages to cover Defendants' own overhead and business expenses.  Plaintiffs' commissions were not paid on the price of the service but on a reduced price, referred to by Defendants as a "commissionable price."  Defendants did not provide Plaintiffs with a breakdown or written explanation for the reduced service price, however, the deductions were, according to Defendants for:

a.      The cost of "assistant charges," i.e., Defendants forced Plaintiff to pay for the cost of other employees hired by Defendants.

b.      For the "cost of materials," which included the products Plaintiffs were required to use as part of their employment.  For example, when Plaintiff

KERR
&
WAGSTAFFE
LLP

3
Complaint

Exhibit "C"
Page 16

Exhibit "1"
Page 20

1               KNIGHT performed hair removal, she was assessed a charge for the wax

2               she used in performing the service.  When Plaintiff DAVE colored hair,

3               she was charged for the tint.

4       c.     Defendants deducted unspecified sums for marketing;

5       d.     Defendants deducted unspecified sums for benefits (without defining what

6           the benefits were for); and

7       e.     Defendants deducted unspecified sums for operating expenses.

8      11.     Plaintiffs are informed and believe and allege thereon that Defendants applied

9 similar policies and deductions uniformly to all stylists, aestheticians and masseuses employed

10 by Defendants at RDS, and have done so consistently since at least 2003.

11      12.     In addition, Plaintiffs were required to work on a schedule set by Defendants and

12 were usually required to stay at work for all scheduled hours whether or not they had customer

13 appointments.  Plaintiffs were required to come to work approximately 15-20 minutes before the

14 beginning of each scheduled shift to prepare their work areas.  Plaintiffs were also required to

15 attend meetings and classes in addition to their scheduled work hours.  Plaintiffs, however, were

16 not paid the proper amount of overtime for the periods when they were required to work more

17 than eight hours a day in a workday or 40 hours in a work week.  Defendants failed to keep

18 proper time records, discouraged "early" clocking in, and therefore often failed to capture the

19 first 15-20 minutes of work performed.  Defendants also unlawfully and inaccurately calculated

20 Plaintiffs' overtime pay based on the hourly rate of plaintiffs' draw against commission, rather

21 than including plaintiffs' commission income in the "regular rate" calculation as required by

22 California law.

23      13.     Plaintiffs are informed and believe and allege thereon that Defendants similarly

24 failed to pay overtime compensation at the correct rate to all stylists, aestheticians and masseuses

25 employed by Defendants at RDS and have done so consistently since at least 2003.

26      14.     Plaintiffs and other employees at RDS were sometimes required to work without

27 rest and or meal breaks as provide by IWC Wage Order No. 2-2001 (11)-(12).  Defendants

28 //

1   failed, however, to pay Plaintiffs or any other employees for these missed breaks and meals as

2   required by law.

3       15.     Plaintiffs and other employees of RDS were required to enter into written

4   agreements which, in clear violation of California law, purport to prohibit Plaintiffs and others

5   from competing with RDS during and after their employment by RDS.

6       16.     Plaintiffs bring this action on behalf of themselves and all other persons who

7   were, are or will be employed by Defendants as stylists, aestheticians and masseuses or any other

8   similarly commissioned positions at RDS, within the relevant statute of limitations period,

9   (hereinafter "the Class").

10      17.     Plaintiffs, on behalf of themselves and the Class, seek compensation for all

11  improperly withheld wages, unreimbursed business expenses, missed meals and rest breaks, and

12  under-compensated overtime work required or suffered or permitted by Defendants; injunctive

13  and declaratory relief; liquidated and/or other damages; and penalties as permitted by law;

14  interest; attorneys' fees and costs.

15                          **CLASS ACTION ALLEGATIONS**

16      18.     Plaintiffs bring this class action on behalf of themselves and the following

17  ascertainable class (hereinafter "the Class") of similarly situated persons:

18              All hair stylists, aestheticians, masseuses, or any similar
                commissioned worker, employed by Defendants to work at RDS
19              within the applicable statute of limitations period through the date
                of this action's final disposition.
20
21      19.     This action is brought pursuant to Code of Civil Procedure § 382.

22      20.     Plaintiffs are informed and believe, and on that basis allege, that members of the

23  Class are so numerous that joinder of all members is impracticable.  While the exact number of

24  class members is unknown to Plaintiffs at this time and can only be ascertained through

25  discovery, Plaintiffs believe that there are more than fifty members of the Class.

26      21.     Plaintiffs' claims are typical of the claims of the Class, because Plaintiffs and all

27  class members sustained damages that arise out of Defendants' same pattern and practice of

28  making unlawful wage deductions, failing to reimburse for expenses, failing to pay proper



1  overtime premium compensation, failing to provide proper rest and meal periods as required by

2  California law, failing to provide proper wage statements, failing to maintain proper time

3  records, and failing to pay all wages owed upon termination, and forcing employees to sign

4  illegal and abusive "non-compete" agreements.

5      22.    Plaintiffs will fully and adequately protect the interests of the Class, and have

6  retained class counsel who are experienced and competent in both class and employment

7  litigation. Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

8      23.    Plaintiffs know of no difficulty to be encountered in the management of this

9  action that would preclude its maintenance as a class action.

10     24.    The likelihood of individual Class members persecuting separate claims is

11 remote, and individual members of the Class do not have a significant interest in individually

12 controlling the prosecution of separate actions. Additionally, the prosecution of separate actions

13 by individual class members would create a risk of inconsistent and varying adjudications

14 concerning the subject of this action, which adjudications could establish incompatible standards

15 of conduct for defendants under the law herein alleged.

16     25.    There is a well-defined community of interest between Plaintiffs and the members

17 of the Class. Questions of law and fact common to the members of the Class predominate over

18 any questions that may affect only individual members, in that Defendants have acted in a

19 manner generally applicable to the entire Class. Among the questions of law and fact common

20 to the Class are:

21         a.    Whether Defendants unlawfully deducted "assistant charges" from the

22              wages of the Class;

23         b.    Whether Defendants unlawfully deducted "cost of materials" from the

24              wages of the Class;

25         c.    Whether Defendants unlawfully deducted "marketing" from the wages of

26              the Class;

27         d.    Whether Defendants unlawfully deducted "benefits" from the wages of the

28              Class;

KERR
WAGSTAFFE
LLP

**6**
Complaint

03/20/200                    FIRST LEGAL              ᵈ    '61331

1    e.    Whether Defendants made other unlawful deductions from the wages of

2         the Class;

3    f.    Whether Defendants otherwise failed to reimburse the business expenses

4         of the Class;

5    g.    Whether Defendants unlawfully failed to pay overtime to the Class in the

6         proper amounts;

7    h.    Whether Defendants failed to provide Class members proper break

8         periods;

9    i.    Whether Defendants failed to provide Class members proper meal periods;

10   j.    Whether Defendants failed to keep accurate records showing when Class

11        members began and ended each work and meal period;

12   k.    Whether Defendants failed to provide itemized wage statements to the

13        Class members as required by California law;

14   l.    Whether the non-competition contracts Defendants forced Class members

15        to sign are unlawful;

16   m.    Whether the legal claims presented in this Complaint on behalf of the

17        Class have merit;

18   n.    Whether Defendants' violations of California's labor laws constitute

19        unlawful, unfair or fraudulent business practices; and

20   o.    Whether members of the Class are entitled to relief for Defendants'

21        violations of California labor laws and, if so, the proper relief.

22   26.   Accordingly, this action should be maintained as a class action.

23            **TOLLING OF STATUTE OF LIMITATIONS**

24   27.   Any applicable statutes of limitations have been tolled by Defendant's continuing,

25   knowing, and active concealment of the facts alleged herein. Despite exercising reasonable

26   diligence, Plaintiff and the Class could not have discovered, did not discover, and were

27   prevented from discovering, the wrongdoing complained of herein.

28   //

KERR
WAGSTAFFE
LLP

1

2

3    **FIRST CAUSE OF ACTION**
**FOR UNLAWFUL WAGE DEDUCTIONS**
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

     28.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference paragraphs 1 through 27 as if they were set forth herein.

     29.    California Labor Code section 221 states, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

     30.    As described above, Defendants regularly deducted amounts from the wages earned by Plaintiffs and other Class members for assistant fees, supplies, and other business and overhead expenses. Those deductions violated Labor Code section 221.

     31.    Wherefore, Plaintiffs pray for judgment as set forth below.

   **SECOND CAUSE OF ACTION**
**FOR VIOLATION OF LABOR CODE SECTION 450**
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

     32.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference paragraphs 1 through 31 as if they were set forth herein.

     33.    Labor Code section 450 states that "no employer . . . may compel or coerce any employee . . . to patronize his or her employer, or any other person, in the purchase of any thing of value."

     34.    As described above, Defendants regularly required Plaintiffs and all the other Class members to purchase products and services from Defendants by way of charges and other deductions. Requiring Plaintiffs and the other Class members to purchase products and services from the Defendants violated Labor Code section 450.

     35.    Wherefore, Plaintiffs pray for judgment as set forth below.

   **THIRD CAUSE OF ACTION**
**FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

     36.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference paragraphs 1 through 35 as if they were set forth herein.

//

KERR
&
WAGSTAFFE
LLP

**8**
Complaint

Exhibit "C"
Page 21

Exhibit "1"
Page 25

1    37.    California Labor Code section 2802 states, "An employer shall indemnify his or

2  her employees for all necessary expenditures or losses incurred by the employee in direct

3  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

4  the employer, even though unlawful, unless the employee, at the time of obeying the directions,

5  believed them to be unlawful." This section prohibits employers from requiring employees to

6  incur unreimbursed business expenses and from passing on the cost of business overhead to

7  employees. Labor Code section 2802 represents a fundamental public policy of the State of

8  California, and the rights created in that section are not waivable.

9    38.    As described above, Defendants regularly charged Plaintiffs and other Class

10  members for expenses necessary to the performance of Plaintiffs' duties including assistant fees,

11  materials charges, and other business and overhead expenses. In addition, Defendants failed to

12  reimburse Plaintiffs or other Class members for any other business expenses incurred by the

13  members of the Class. Defendants' conduct violates Labor Code section 2802.

14    39.    Wherefore, Plaintiffs pray for judgment as set forth below.

15    **FOURTH CAUSE OF ACTION**
    **FOR FAILURE TO PAY OVERTIME COMPENSATION**
16    **(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

17    40.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

18  reference paragraphs 1 through 39 as if they were set forth herein.

19    41.    California law requires that an employer such as Defendants compensate all non-

20  exempt employees at a rate of one-and-one-half (1 ½) times the regular rate of pay for work

21  performed above eight hours in a workday or above forty (40) hours in a workweek.

22    42.    Plaintiffs and members of the Class were scheduled by Defendants to work more

23  than eight hours in a workday and/or forty hours per week, and did in fact work more than eight

24  hours in a workday and/or forty hours per week.

25    43.    Plaintiffs and members of the Class are non-exempt employees, and at all relevant

26  times have been and are entitled to be paid overtime compensation for all overtime hours

27  worked.

28  //

KERR
&
WAGSTAFFE
LLP

**9**
Complaint

1       44.      At all relevant times, Defendants failed and refused to pay overtime premium

2    compensation to the members of the Class for their hours worked in excess of eight hours in a

3    workday or forty (40) hours per week. Defendants also failed to make and keep accurate time

4    records showing when Plaintiffs and the Class began work and ended each work period. This

5    problem is particularly acute with respect to the beginning of the work day and work required

6    "before" a scheduled shift.

7       45.      In addition, at all relevant times Defendants unlawfully failed to pay Plaintiffs and

8    the Class the correct overtime premium compensation under California law by miscalculating the

9    regular rate used to calculate overtime pay. The members of the Class are/were paid in part

10   based on commissions and other non-discretionary payments for hours worked that are required

11   by law to be included in the rate used to calculate premium pay. See Labor Code § 200; 29

12   U.S.C. § 207; *Division of Labor Standards Enforcement Policies and Interpretations Manual* §

13   49. Defendants, however, unlawfully calculated overtime premium pay based solely on the

14   hourly "draw" against commission, ignoring commissions and all other forms of wages. As a

15   result, the rate used by defendants was substantially less than the rate actually owed. Defendants

16   reported this incorrect rate to members of the Class as if it were the rate actually owed, thereby

17   concealing their underpayment of overtime from Plaintiffs and the other members of the Class.

18      46.      By failing to make and keep accurate time records showing when Plaintiffs and

19   the Class began work and ended each work period, and by failing to compensate Plaintiffs and

20   the Class at a rate of one-and-one-half (1 ½) times the regular rate of pay for work performed

21   above eight (8) hours in a workday or above forty (40) hours in a workweek, Defendants violated

22   California law.

23      47.      Wherefore, Plaintiffs pray for judgment as set forth below.

24                              **FIFTH CAUSE OF ACTION**
        **FOR PAYMENT OF SECRET WAGE LOWER THAN DESIGNATED SCALE**
25             **(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

26      48.      Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

27   reference paragraphs 1 through 47 as if they were set forth herein.

28   //

KERR
WAGSTAFFE
LLP

10
Complaint

Exhibit "C"
Page 23

Exhibit "1"
Page 27

1    49.    Labor Code section 223 provides, "Where any statute or contract requires an

2    employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower

3    wage while purporting to pay the wage designated by statute or contract."

4    50.    Defendants represented to Plaintiffs and to each member of the Class that they

5    were paying proper overtime to the Plaintiffs and members of the Class, while actually paying

6    Plaintiffs and members of the Class less than the rate that was owed as a result of Defendants'

7    intentional miscalculation of the overtime rate. That conduct represents the payment of a secret

8    wage lower than that owed by law in violation of Labor Code section 223.

9    51.    Wherefore, Plaintiffs pray for judgment as set forth below.

10                           **SIXTH CAUSE OF ACTION**
                **FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
11              **(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

12    52.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

13    reference paragraphs 1 through 51 as if they were set forth herein.

14    53.    Labor Code section 226(a) requires an employer to "semi-monthly, or at the time

15    of each payment of wages, furnish each of his or her employees . . . an accurate itemized

16    statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . .

17    [and] (4) all deductions . . .," along with other information.

18    54.    Labor Code sections 226(a) and 226.3 provide for damages and penalties for each

19    violation of Labor Code section 226(a).

20    55.    Defendants failed to provide Plaintiffs and each other member of the Class with

21    the accurate statements required by Labor Code section 226(a) because the itemizations provided

22    by Defendants (1) under-reported the amount of overtime earned by misreporting the regular

23    rate, (2) failed to report all hours worked, and (3) did not list all deductions. Accordingly,

24    Defendants violated Labor Code section 226(a) for Plaintiffs and each member of the Class with

25    respect t to every pay period during his or her employment.

26    56.    Wherefore, Plaintiffs pray for judgment as set forth below.

27    //

28    //

KERR
&
WAGSTAFFE
LLP

**11**
Complaint

1

2

**SEVENTH CAUSE OF ACTION**
**FOR FAILURE TO PAY WAGES FOR REST BREAK PERIODS**
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

3       57.     Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

4   reference paragraphs 1 through 56 as if they were set forth herein.

5       58.     California law requires an employer to provide an employee ten minutes of duty

6   free "net rest time" for every four hours worked or "major fraction thereof," with the rest period

7   to be available near the middle of the work period, insofar as is practicable.

8       59.     Members of the Class, including Plaintiff, were sometimes required to work

9   through rest breaks or were not given rest breaks at all.

10      60.     Under California law, Defendants are obligated to pay each member of the Class

11  who worked through a rest break or was not provided a proper rest break for every four hours

12  worked at the rate of one hour or regular pay per violation.

13      61.     Wherefore, Plaintiffs pray for judgment as set forth below.

14

15

**EIGHTH CAUSE OF ACTION**
**FOR FAILURE TO PAY WAGES FOR MEAL PERIODS**
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

16      62.     Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

17  reference paragraphs 1 through 61 as if they were set forth herein.

18      63.     California law requires an employer to provide an employee with a meal period of

19  not less than thirty minutes for any work period of more than five hours.  California law also

20  requires an employer to provide employees working more than ten hours per day a second meal

21  period.  Except in specific circumstances not relevant here, unless the employee is relieved of all

22  duties during the meal period, the entire period must be counted as time worked.

23      64.     The nature of the work performed by Plaintiffs and the other Class Members was

24  not such that prevented them from being relieved of duty during their respective meal periods.

25  Nevertheless, members of the Class were sometimes required to work through their meal periods

26  or were not given meal periods at all.  Defendants also failed to make and keep accurate time

27  records recording meal periods provided to Plaintiffs and the Class.

28  //

KERR
WAGSTAFFE
LLP

**12**
Complaint

1   65.   Under California law, Defendants are obligated to pay each member of the Class

2   who worked through a meal period or was not given a proper meal period at the rate of one hour

3   of regular pay per violation.

4   66.   Wherefore, Plaintiffs pray for judgment as set forth below.

5   **NINTH CAUSE OF ACTION**
    **FOR WAITING TIME PENALTIES UNDER LABOR CODE §203**
6   **(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

7   67.   Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

8   reference paragraphs 1 through 66 as if they were set forth herein.

9   68.   At the time that Plaintiffs resigned, and those other members of the Class no

10  longer employed by Defendants resigned and/or were terminated, Defendants failed to pay

11  Plaintiffs any of the amounts due as set forth herein.  Defendants' failure to pay Plaintiffs and

12  other members of the Class overtime, meal and break time at the time of their resignation and/or

13  termination violates Labor Code sections 201 and 202.

14  69.   Defendants' failure to pay the wages of Plaintiffs and other members of the Class

15  was willful and they are entitled to penalties under Labor Code section 203 which provides that

16  an employee's wages shall continue as a penalty until paid or for a period up to thirty days,

17  whichever is shorter.

18  70.   Wherefore, Plaintiffs pray for judgment as set forth below.

19  **TENTH CAUSE OF ACTION**
    **ILLEGAL NON-COMPETITION AGREEMENT**
20  **(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

21  71.   Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

22  reference paragraphs 1 through 70 as if they were set forth herein.

23  72.   During the course of their employment, Plaintiffs and the members of the Class

24  were required to sign written agreements with Defendants that purport to restrict the right to

25  work of Plaintiffs and the other members of the Class.   Those agreements provided, in violation

26  of California law: "For six (6) months after the termination of your employment with the

27  Company for whatever reason, you shall not directly or indirectly render hair, beauty, nail, or

28  other services ordinarily provided by a Company Spa/salon, to or for any person, firm,



**13**
Complaint

Exhibit "C"
Page 26

Exhibit "1"
Page 30

1  corporation (including self-employment) directly or indirectly involved in the provision of such

2  services within a 5 mile radius from the home spa where you were employed, unless written

3  consent by the Company is granted."

4       73.    This requirement, which purports to completely eliminate the ability Plaintiffs and

5  the other members of the Class from engaging in their vocation, violates California Business and

6  Professions Code section 16600, which provides that "every contract by which anyone is

7  restrained from engaging in a lawful profession, trade, or business of any kind is to that extent

8  void." Defendants' contract also violates well established California public policy against

9  restraint on employment.

10      74.    The use of this provision by Defendants is thus a violation of California law and

11  public policy. The *in terrorem* effect of this illegal contract chills and impairs Plaintiffs and the

12  other members of the Class' rights notwithstanding its ultimate unenforceability. Pursuant to

13  California Code of Civil Procedure 1060, Plaintiffs and the members of the Class are entitled to a

14  declaration that the non-competition provisions of their employment contracts are invalid and

15  unenforceable, and to an injunction against Defendants continuing to use such provisions in

16  current and future contracts in California.

17      75.    Wherefore, Plaintiffs pray for judgment as set forth below.

18
**ELEVENTH CAUSE OF ACTION**
**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
19
**(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

20      76.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by

21  reference paragraphs 1 through 75 as if they were set forth herein.

22      77.    This cause of action is brought pursuant to Business and Professions Code section

23  17200, et seq.

24      78.    The pattern and practice of conduct of Defendants as described above violates

25  numerous laws and public policies of the State of California. As a result, such conduct

26  constitutes both an unfair and unlawful business practices in violation of Business and

27  Professions Code section 17200 *et seq.*

28  //

KERR
WAGSTAFFE
LLP

**14**
Complaint

Exhibit "C"
Page 27

Exhibit "1"
Page 31

1    79.    In committing the unfair and unlawful business practices in violation of Business

2    and Professions Code section 17203, in an amount to be determined at trial. Additionally,

3    Plaintiff seeks restitution of the amounts that Defendants have improperly withheld from her and

4    the Class by virtue of their conduct in violation of that section.

5    80.    Wherefore, Plaintiffs pray for judgment as set forth below.

6    WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for relief as

7    follows:

8    1.    Certification of this action as a class action on behalf of the Class;

9    2.    Designation of Plaintiffs as representatives of the Class;

10    3.    Reimbursement of all improper wage deductions and unreimbursed business

11    expenses;

12    4.    Unpaid overtime premium compensation as provided by California law for

13    overtime hours worked;

14    5.    Compensation at the rate of one hour of regular pay for each instance in which

15    Plaintiffs or any other Class member worked through a rest break or was not provided a proper

16    rest break for every four hours worked;

17    6.    Compensation at the rate of one hour of regular pay for each instance in which

18    Plaintiffs or any other Class member worked through a meal period or was not given a proper

19    meal period;

20    7.    A declaratory judgment that the practices complained of in this complaint are

21    unlawful under California law;

22    8.    An injunction against Defendants and their officers, agents, successors,

23    employees, representatives, and any and all persons acting in concert with it from engaging in

24    each of the practices complained of in this complaint;

25    9.    An award of damages, according to proof;

26    10.    All penalties required by California law;

27    11.    Attorneys' fees and costs, including expert fees, and expenses as provided by

28    California law;



KERR
WAGSTAFFE
LLP

**15**
Complaint

1    12.    For prejudgment and post-judgment interest at the maximum legal rate; and

2    13.    Such other relief as the Court deems just and proper.

3    Dated: January 31, 2008                    KERR & WAGSTAFFE LLP

4                                               LAW OFFICES OF MOSS & HOUGH

5

6                                               _____
                                               MARY PATRICIA HOUGH
7

8                                               Attorneys for Plaintiffs
                                               LISA KNIGHT and MARCIE DAVE
9                                               on behalf of themselves and those similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

**16**
Complaint

Exhibit "C"
Page 29

Exhibit "1"
Page 33

CASE NUMBER: CGC-08-471683  LISA KNIGHT et al VS. RED DOOR SALONS, INC AN ARIZC

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **JUL-03-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**EXHIBIT** D

Exhibit "D"
Page 30

Exhibit "1"
Page 34

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

**The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint.  (CRC 201.9(c))**

**Superior Court of California
County of San Francisco**

ADR-1   10/07 (ja)                                   Page 1

**EXHIBIT** *E*

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

ADR-1   10/07 (ja)                                          Page 2

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Exhibit "E"
Page 33

Exhibit "1"
Page 37

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 provides three different voluntary mediation programs for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

ADR-1  10/07 (ja)                                              Page 7

Exhibit "E"
Page 37

Exhibit "1"
Page 41

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

### EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1  10/07 (ja)                                    Page 8

Exhibit "E"
Page 38

Exhibit "1"
Page 42

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1   10/07 (ja)                                              Page 9

Exhibit "E"
Page 39

Exhibit "1"
Page 43

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐  Private Mediation    ☐  Mediation Services of BASF  ☐  Judicial Mediation
☐  Binding arbitration    Judge _____
☐  Non-binding judicial arbitration    Judge _____
☐  BASF Early Settlement Program
☐  Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  3/06        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

Exhibit "E"
Page 40

Exhibit "1"
Page 44

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> (Check one): ☐ UNLIMITED CASE  ☐ LIMITED CASE <br> (Amount demanded  (Amount demanded is $25,000 <br> exceeds $25,000)  or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept:          Div:          Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  *(describe, including causes of action)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

Exhibit "E"
Page 42

Exhibit "1"
Page 46

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

  (1) ☐ Mediation

  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

  (4) ☐ Binding judicial arbitration

  (5) ☐ Binding private arbitration

  (6) ☐ Neutral case evaluation

  (7) ☐ Other *(specify)*:

**e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

**f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

**g.** ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

  **a.** ☐ Insurance carrier, if any, for party filing this statement *(name)*:

  **b.** Reservation of rights: ☐ Yes ☐ No

  **c.** ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

  **a.** ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  **b.** A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]     **CASE MANAGEMENT STATEMENT**     Page 3 of 6

Exhibit "E"
Page 43

Exhibit "1"
Page 49

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

CM-110 [Rev. January 1, 2007]           **CASE MANAGEMENT STATEMENT**           Page 4 of 6

Exhibit "E"
Page 44

Exhibit "1"
Page 50



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

Exhibit "E"
Page 45

Exhibit "1"
Page 51

1  John Swenson (SBN 224110)
   STEPTOE & JOHNSON LLP
2  2121 Avenue of the Stars
   Suite 2800
3  Los Angeles, CA  90067
   Phone: 310.734.3200
4  Fax: 310.734.3300
   Email: jswenson@steptoe.com
5
   Attorneys for Defendant Red Door Salons, Inc.
6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9   LISA KNIGHT and MARCIE DAVE, on      )
    behalf of themselves and all others similarly )   Case No. _____
10  situated,                           )
                                        )
11                    Plaintiffs,       )   (San Francisco County Superior Court
                                        )   Case No. CGC-08-471683)
12  vs.                                 )
                                        )   DECLARATION OF SUSAN HAAS
13  RED DOOR SALONS, INC., an Arizona   )   IN SUPPORT OF NOTICE OF
    Corporation and DOES 1 through 25,  )   REMOVAL PURSUANT TO 28
14  inclusive,                          )   U.S.C. §§ 1332(a), (d), 1441 and 1446
                                        )
15                    Defendants.       )   Action Filed:  January 31, 2008
                                        )
16  ─────────────────────────────────────

17  STATE OF ARIZONA          )
                              ) ss.
18  COUNTY OF MARICOPA        )

19
20          I, Susan Haas, declare and state as follows:

21          1.      I am employed by Elizabeth Arden Spas, LLC as the Director of Benefits and

22  HRIS ("Human Resource Information Systems") in Phoenix, Arizona.  Red Door Salons, Inc.

23  ("Red Door") is a wholly-owned subsidiary of Elizabeth Arden Spas, LLC.  I am a custodian of

24  records pertaining to benefits and human resources matters for Red Door.  I have personal

25  knowledge of the foregoing, or knowledge based upon corporate records which are within my

26
27  **EXHIBIT** F
28
                                        1
    ─────────────────────────────────────
    DECLARATION OF SUSAN HAAS                              Exhibit "F"
    (No. _____)                              Page 46

1    2.    I am informed and believe Plaintiffs have filed a Complaint against Red Door in

2    which they seek, among other things, payment for wages and overtime they allegedly worked and

3    for which Red Door allegedly did not pay them.

4    3.    Red Door was at the time of the filing of this action, and remains, a corporation

5    incorporated under the laws of the State of Arizona with its principal place of business in Arizona.

6    4.    During the entire course of their employment with Red Door, Plaintiffs were

7    employed in the State of California. Plaintiff Lisa Knight provided Red Door with addresses

8    located in Concord and San Francisco, California as the location at which she elected to receive

9    communications from Red Door during her employment. Plaintiff Marcie Dave provided Red

10    Door with an address located in Millbrae, California as the location at which she elected to receive

11    communications from Red Door during her employment.

12    5.    I have reviewed Red Door's corporate records dating back to 2004, and have

13    determined the following:

14         a.  In 2004, Lisa Knight's gross income was approximately $21,557.38.

15         b.  In 2005, Lisa Knight's gross income was approximately $21,054.56.

16         c.  In 2006, Lisa Knight's gross income was approximately $24,940.45.

17         d.  During her tenure at Red Door, Lisa Knight was paid bi-weekly.

18         e.  The amount of revenue Lisa Knight generated in 2007 was approximately

19             $44,250.47.

20         f.  Red Door has employed approximately 79 different "hair stylists, aestheticians,

21             masseuses, or any similar commissioned workers" at its salon located at 126

22             Post Street, in the city of San Francisco, California, since 2004.

23         g.  Red Door has employed over 100 different "hair stylists, aestheticians,

24             masseuses, or any similar commissioned workers" in the State of California,

25             since 2004.

26

27

28

2

**DECLARATION OF SUSAN HAAS**
(No. _____ )

1        I declare under penalty of perjury under the laws of the State of Arizona and the United

2    States of America that the foregoing is true and correct.

3

4                  Executed this 18th day of March, 2008 in Phoenix, Arizona.

5

6                                     Susan Haas
                                 Susan Haas

7

8

9    SUBSCRIBED AND SWORN TO before me this ___19___ day of ___March___, 2008.

10

11                           Notary Public

12   My Commission Expires:   3/15/2010

13                                OFFICIAL SEAL
                             RICHARD A. EISLER
                         NOTARY PUBLIC - State of Arizona
                         MARICOPA COUNTY
                         My Comm. Expires March 15, 2010

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   3

**DECLARATION OF SUSAN HAAS**
(No. _____)

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Lisa Knight and Marcie Dave, on behalf of themselves and all others similarly situated

## DEFENDANTS

Red Door Salons, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael von Loewenfeldt and Michael Ng, Kerri & Wagstaffe, LLP, 100 Spear Street, St. 1800, San Francisco, CA 94105-1528; and Gary E. Moss, Mary Patricia Hough and Derek M. Thomas, Law Offices of Moss & Hough, 601 Van Ness Ave., Ste. 2030, San Francisco, CA 94102

Attorneys (If Known)

John P. Swenson, Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332(a), (d), 1441 and 1446

Brief description of cause:
Class action complaint alleging failure to pay wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unspecified

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".    None

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE  3/19/2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL FILED

MAR 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  John Swenson (SBN 224110)
   STEPTOE & JOHNSON LLP
2  2121 Avenue of the Stars
   Suite 2800
3  Los Angeles, CA  90067
   Phone: 310.734.3200
4  Fax: 310.734.3300
   Email: jswenson@steptoe.com
5
6  Attorneys for Defendant Red Door Salons, Inc.

E-filing

SC

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

CV 08          1520

9  LISA KNIGHT and MARCIE DAVE, on    )
   behalf of themselves and all others similarly  )  Case No. _____
10 situated,                          )
                                      )  (San Francisco County Superior Court
11             Plaintiffs,            )  Case No. CGC-08-471683)
                                      )
12 vs.                                )  CERTIFICATION OF INTERESTED
                                      )  ENTITIES OR PERSONS
13 RED DOOR SALONS, INC., an Arizona  )
   Corporation and DOES 1 through 25, )  Action Filed:  January 31, 2008
14 inclusive,                         )
                                      )
15             Defendants.            )
                                      )

16     Pursuant to Civil L.R. 3-16, the undersigned certifies that the following corporations have

17 a financial interest in the subject matter in controversy or in a party to the proceeding, or have a

18 non-financial interest in the subject matter in controversy or in a party that could be substantially

19 affected by the outcome of this proceeding:

20     Red Door Salons, Inc. is a wholly-owned subsidiary of Elizabeth Arden Spas, L.L.C.

21 Elizabeth Arden Spas, L.L.C. is a wholly-owned subsidiary of Elizabeth Arden Salon-Holdings,

22 Inc.

23

24

25

26

27

28                                   1
   _____
   CERTIFICATION OF INTERESTED ENTITIES                    552809
   (No. _____)

Exhibit "1"
Page 56

1   RESPECTFULLY SUBMITTED this _19_ day of March, 2008.

2                           STEPTOE & JOHNSON LLP

3

4   By _____
          John Swenson
5          2121 Avenue of the Stars, 28th Floor
          Los Angeles, California 90067
6
    Attorneys of Record for Defendant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   2

CERTIFICATION OF INTERESTED ENTITIES                          552809
(No. _____)

ORIGINAL FILED

MAR 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SC

1 | John Swenson (SBN 224110)
STEPTOE & JOHNSON LLP
2 | 2121 Avenue of the Stars
Suite 2800
3 | Los Angeles, CA 90067
Phone: 310.734.3200
4 | Fax: 310.734.3300
Email: jswenson@steptoe.com
5

6 | Attorneys for Defendant Red Door Salons, Inc.

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

CV 08 1520

TAXED

9 | LISA KNIGHT and MARCIE DAVE, on
behalf of themselves and all others similarly
10 | situated,                           )   Case No. _____
                                        )
11 |                Plaintiffs,          )   (San Francisco County Superior Court
                                        )   Case No. CGC-08-471683)
12 | vs.                                 )
                                        )   CORPORATE DISCLOSURE
13 | RED DOOR SALONS, INC., an Arizona   )   STATEMENT
Corporation and DOES 1 through 25,      )
14 | inclusive,                          )   Action Filed: January 31, 2008
                                        )
15 |                Defendants.          )
                                        )

16      Pursuant to Fed. R. Civ. P. 7.1, Defendant Red Door Salons, Inc. states that Red Door

17 | Salons, Inc. is a wholly-owned subsidiary of Elizabeth Arden Spas, L.L.C. Elizabeth Arden Spas,

18 | L.L.C. is a wholly-owned subsidiary of Elizabeth Arden Salon-Holdings, Inc. None of these

19 | companies has any outstanding securities in the hands of the public.

20      RESPECTFULLY SUBMITTED this 19th day of March, 2008.

21                          STEPTOE & JOHNSON LLP

22

23                          By_____
                            John Swenson
24                          2121 Avenue of the Stars, 28th Floor
                            Los Angeles, California 90067
25
                            Attorneys for Defendant
26

27                                      1

28 | CORPORATE DISCLOSURE STATEMENT
(No. _____)                                    552808

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



LISA KNIGHT,

Plaintiff (s),

v.

RED DOOR SALONS INC,
Defendant(s).

No. C 08-01520 SC

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

E-filing

IT IS HEREBY ORDERED that this action is assigned to the Honorable Samuel Conti. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/19/2008 | Notice of removal filed | |
| 6/20/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/7/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 7/11/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm 1, 17th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

Exhibit "1"
Page 59

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. _____

ORDER SETTING CASE MANAGEMENT CONFERENCE

This action having been assigned to Judge Samuel Conti,

IT IS ORDERED that a conference will be held before Judge Conti on _____ at 10:00 A.M. in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

The parties shall appear in person or through counsel and shall be prepared to discuss the future course of the litigation including, but not limited to, matters set forth in Civil Local Rule 16-10. Parties are to file a written case management statement at least 10 days before said hearing date.

The parties are required to comply with the provisions of Federal Rule of Civil Procedure 26, Civil Local Rules 16-3 to 16-10 (patent cases should comply with Patent Local Rule), including, but not limited to, the following requirements:

1.    The parties must meet and confer no less than 21 days prior to the initial case management conference.

2.    The parties must devise a discovery plan and submit it, jointly, no less than 7 days prior to the case management conference. The parties shall submit a proposed order embodying the terms of the discovery plan at the status conference.

3.    At the "meet and confer" conference referenced in paragraph 1, above, the parties shall discuss whether and to what extent they shall make the kinds of "disclosures" contemplated in Federal Rules of Civil Procedure. The parties shall report to the

Court the results of this discussion in their case management conference statement.

Following the conference, appropriate orders will be entered regulating and controlling future proceedings in the case.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES TO THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF CIVIL PROCEDURE, and to file with the Clerk of the Court a certificate reflecting such service.

FOR THE COURT:

Richard W. Wieking, Clerk

By: _____

Deputy Clerk

IMPORTANT:

SEE ATTACHED ORDER RE TIMELY FILING OF PLEADINGS, BRIEFS, AND MOTIONS CALENDAR AND ELECTRONIC CASE FILING:

Judge Conti's Law and Motion Calendar is held at 10:00 A.M., Fridays.

2

NOTICE TO ALL ATTORNEYS:

ORDER RE TIMELY FILING OF PLEADINGS, BRIEFS, MOTIONS, ETC.

It has been noted by the court that many attorneys are not filing their pleadings and briefs within the time specified in the Local Rules, nor in the manner or form required. Specifically, many attorneys have filed briefs and memoranda in excess of twenty-five (25) pages, without leave of court. Said practice violates Civil Local Rule 7-4(b).

By addressing this order to you, the court does not infer that you or any member of your firm adheres to this practice, but rather seeks to put all attorneys on notice.

Any pleading or brief hereafter sought to be filed with the court after the required time, or in an improper manner or form, shall not be received or considered by the court. Any attorney in violation of these requirements will be subject to other sanctions pursuant to Civil Local Rule 1-4.

RE ELECTRONIC CASE FILING: In all cases that have been assigned to the Electronic Case Filing System, the parties are required to provide one paper copy of each document that is filed electronically for use in chambers. The paper copy of each document shall be delivered no later than noon on the day after the document is filed electronically. Delivery shall be made directly to Judge Conti's chambers.

RE MOTIONS: All pleadings relating to all motions should be complete as to briefing and argument, as the court will decide the issues therein without oral argument, unless otherwise ordered by the Judge. When this occurs, the court will notify the parties that they need to appear. (Civil Local Rule 7-6)

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

1

2

3

4

5

6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

7    In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified

8    that a United States magistrate judge of this district is available to exercise the court's jurisdiction

9    and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a

10.   final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if

11    all parties voluntarily consent.

12    You may, without adverse substantive consequences, withhold your consent, but this will

13    prevent the court's jurisdiction from being exercised by a magistrate judge.

14    An appeal from a judgment entered by a magistrate judge may be taken directly to the

15    United States court of appeals for this judicial circuit in the same manner as an appeal from any

16    other judgment of a district court.

17    Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States

18    Magistrate Judge" are available from the clerk of court.

19    The plaintiff or removing party shall serve a copy of this notice upon all other parties to

20    this action pursuant to Federal Rules of Civil Procedure 4 and 5.

21

22    FOR THE COURT
      RICHARD W. WIEKING, CLERK

23

24    *Mary Ann Buckley*
      By: Deputy Clerk

25

26    magcons.ntc (rev. 10/99)

27

28

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as  (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any .
D — District
E — Docket number of action

Exhibit "1"
Page 66

AO 399 (12 93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                     (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                 _____
DATE                            SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

 

*SC*

---

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. **This means that you must** (check off the boxes ☑ when done):

☐ **1) Serve this** ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using PACER (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

---

Page 1 of 3                                          Version 5/14/2007

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, Exhibits, etc.) must be **emailed** (not **efiled**) to the PDF email box for the presiding judge (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the **subject line** of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any document may be submitted to the Court's electronic filing system. The software for creating the file can be found at the ECF web site: **http://ecf.cand.uscourts.gov** and click on **[FAQ]**.

**Email Guidelines:** When emailing an email to the court, the subject line of [the email] must contain the case number, judge's initials and the **type of document** you are sending and/or the topic of the email.

Some examples, assuming that your case number is 03-09999 and that the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint only | 03-09999 CRB Complaint |
| Complaint in a related case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Exhibit "1"
Page 69

03/20/2009              FIRST LEGAL              41   51331

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Page 3 of 3                                        Version 5/14/2007

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS: 9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

Exhibit "1"

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **<u>exact change or check</u>** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

Exhibit "1"<br>Page 72

03/20/200⁶    FIRST LEGAL    4?  ⁶1331

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

### SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

### OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

Exhibit "1"
Page 73

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.    The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.    The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.    Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.    After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.    If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:  (NAME, FIRM)**." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.    A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.    Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

Exhibit "1"
Page 74

1

**PROOF OF SERVICE**
CCP 1013a(3)/FRCP 5

2

3   I am a resident of, or employed in, the County of Los Angeles.  I am over the age of 18 and not a
    party to this action.  My business address is:  Steptoe & Johnson LLP, 2121 Avenue of the Stars,

4   Suite 2800, Los Angeles, California 90067.

5   On **March 20, 2008**, I served the following listed document(s), by method indicated below, on the
    parties in this action:  **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

6

7                                  *SEE ATTACHED SERVICE LIST*

    ☐ **BY U.S. MAIL**                                    ☐ **BY ELECTRONIC SERVICE**
8   By placing ☐ the original / ☐ a true copy thereof enclosed in a        **(via electronic filing service provider)**
    sealed envelope(s), with postage fully prepaid, addressed as per the    By electronically transmitting the document(s)
9   attached service list, for collection and mailing at Steptoe &         listed above to LexisNexis File and Serve, an
    Johnson LLP, 2121 Avenue of the Stars, Suite 900, Los Angeles,          electronic filing service provider at
10  California 90067., following ordinary business practices. I am         www.fileandserve.lexisnexis.com, from the email
    readily familiar with Steptoe & Johnson LLP's practice for             address _____@steptoe.com, at
11  collection and processing of documents for mailing.  Under that        approximately _____. To my knowledge, the
    practice, the document is deposited with the United States Postal       transmission was reported as complete and
12  Service on the same day as it is collected and processed for mailing    without error. *See* Cal. R. Ct. R. 2053, 2055,
    in the ordinary course of business.                                     2060.

13
    ☐ **BY OVERNIGHT DELIVERY**                            ☐ **BY ELECTRONIC SERVICE**
14  By delivering the document(s) listed above in a sealed envelope(s)      **(to individual persons)**
    or package(s) designated by the express service carrier, with          By electronically transmitting the document(s)
15  delivery fees paid or provided for, addressed as per the attached       listed above to the email address(es) of the
    service list, to a facility regularly maintained by the express service  person(s) set forth on the attached service list
16  carrier or to an authorized courier or driver authorized by the        from the email address _____@steptoe.com
    express service carrier to receive documents.                          at approximately _____. To my knowledge, the
17                                                                          transmission was reported as complete and
                                                                           without error. *See* Cal. R. Ct. R. 2060.
    ☒ **BY PERSONAL SERVICE**                              ☐ **BY FACSIMILE**
18      ☐ By personally delivering and handing the document(s) listed      By transmitting the document(s) listed above from
    above to the person(s) identified on the attached service list.        Steptoe & Johnson LLP in Los Angeles,
19                                                                          California to the facsimile machine telephone
        ☒ By personally delivering the document above to the              number(s) set forth on the attached service list.
20  office address(es) as shown on the attached service list and leaving    Service by facsimile transmission was made ☐
    said document(s) with a clerk or other person in charge, or if no one   pursuant to agreement of the parties, confirmed in
21  is in charge leaving it in a conspicuous place in the office(s).        writing, or ☐ as a courtesy to the parties.

22
        ☐ By personally delivering the document(s) listed above to the
23  address(es) as shown on the attached service list and leaving said
    document(s) with someone of suitable age and discretion residing at
24  said address(es).

25          I declare under penalty of perjury under the laws of the State of California and the United States of
    America that the above is true and correct.

26
            Executed on March 20, 2008 at Los Angeles, California

27  _____          _____
    Type or Print Name                                  Signature

28
                                          3

**PROOF OF SERVICE**

552036

03/20/200        FIRST LEGAL        ⸝ʼ ʼ261331

1

## SERVICE LIST
*Lisa Knight, et al. v. Red Door Salons, Inc., et al.*

2
*San Francisco County Superior Court*

3

## COUNSEL FOR PLAINTIFFS

4

5      Michael von Loewenfeldt
       Michael NG
6      KERR & WAGSTAFFE, LLP
       100 Spear Street, Suite 1800
7      San Francisco, CA  94105-1528

8
       Gary E. Moss
9      Mary Patricia Hough
       Derek M. Thomas
10     LAW OFFICES OF MOSS & HOUGH
       601 Van Ness Avenue, Suite 2030
11     San Francisco, CA  94102

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**PROOF OF SERVICE**

552036