John Swenson (SBN 224110)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, CA 90067
Phone: 310.734.3200
Fax: 310.734.3300
jswenson@steptoe.com

Stephanie J. Quincy (*pro hac vice*)
Elizabeth A. Schallop Call (*pro hac vice*)
Robert G. Vaught (*pro hac vice*)
STEPTOE & JOHNSON LLP
201 E. Washington, Ste. 1600
Phoenix, Arizona 85004
Phone: 602.257.5200
Fax: 602.257.5299

Attorneys for Defendant Red Door Salons, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KNIGHT and MARCIE DAVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RED DOOR SALONS, INC., an Arizona Corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:08-CV-1520-SC<br><br>**ANSWER** |

**COMES NOW** Red Door Salons, Inc. ("Red Door" or "Defendant"), for itself alone and for no other defendant, and in answer to Plaintiffs' unverified Complaint ("Complaint"), admits, denies and alleges as follows:

1. Red Door denies the allegations in Paragraph 1 of the Complaint except to admit that Red Door operates a salon located at 126 Post Street, in the City and County of San Francisco, California.

2. Red Door denies the allegations contained in Paragraph 2 of the Complaint except to admit that Knight and Dave are former employees of Defendant, that Knight was an

1

aesthetician from February 1999 – July 2007, and that Dave was a hair stylist from January 2007 – September 2007.

3.  Red Door denies the allegations contained in Paragraph 3 of the Complaint.

4.  Red Door denies the allegations contained in Paragraph 4 of the Complaint.

5.  Red Door denies the allegations contained in Paragraph 5 of the Complaint.

6.  Red Door denies the allegations contained in Paragraph 6 of the Complaint except to admit that the alleged acts giving rise to this action arose in San Francisco County.

7.  Red Door denies the allegations contained in Paragraph 7 of the Complaint except to admit that Lisa Knight was employed by Red Door as an aesthetician, that her primary responsibilities were to provide skin care and hair removal services, that she received commissions and that her position was not exempt from California's overtime requirements.

8.  Red Door denies the allegations contained in Paragraph 8 of the Complaint except to admit that Marcie Dave was employed by Red Door as a hair stylist, that her primary duty was to provide hair styling, coloring and related hair care services, that she received commissions and that her position was not exempt from California's overtime requirements.

9.  Red Door denies the allegations contained in Paragraph 9 of the Complaint, except to admit that Plaintiffs were paid an hourly wage as a draw against commissions, that the price customers paid was set by Red Door, and that Plaintiffs were paid a commission on products purchased from the salon by customers.

10. Red Door denies the allegations contained in Paragraph 10 of the Complaint.

11. Red Door denies the allegations contained in Paragraph 11 of the Complaint.

12. Red Door denies the allegations contained in Paragraph 12 of the Complaint except to admit that Plaintiffs were required to work on a schedule set by Red Door, were usually required to stay at work for all scheduled hours, were required to prepare their work areas and were also required to attend certain meetings. Red Door further asserts that Plaintiffs were paid overtime pay based on its determination of Plaintiffs' hourly rate.

13. Red Door denies the allegations contained in Paragraph 13 of the Complaint.

14. Red Door denies the allegations contained in Paragraph 14 of the Complaint.

15. Red Door admits that Plaintiffs entered into written agreements with Red Door and states that the documents speak for themselves. Red Door denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Red Door denies the allegations contained in Paragraph 16 of the Complaint except to admit that Plaintiffs purport to bring this action on behalf of themselves and a class of others.

17. Red Door denies the allegations contained in Paragraph 17 of the Complaint except to admit that Plaintiffs purport to bring this action on behalf of themselves and a class of others.

18. Red Door denies the allegations contained in Paragraph 18 of the Complaint except to admit that Plaintiffs purport to bring this litigation as a class action.

19. Red Door denies the allegations contained in Paragraph 19 of the Complaint except to admit that Plaintiffs purport to bring this litigation as a class action pursuant to California Code of Civil Procedure § 382.

20. Red Door denies the allegations contained in Paragraph 20 of the Complaint.

21. Red Door denies the allegations contained in Paragraph 21 of the Complaint.

22. Red Door is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23. Red Door denies the allegations contained in Paragraph 23 of the Complaint.

24. Red Door denies the allegations contained in Paragraph 24 of the Complaint.

25. Red Door denies the allegations contained in Paragraph 25 of the Complaint.

26. Red Door denies the allegations contained in Paragraph 26 of the Complaint.

27. Red Door denies the allegations contained in Paragraph 27 of the Complaint.

## FIRST CAUSE OF ACTION

## FOR UNLAWFUL DEDUCTIONS

### (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

28. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 27 above as if set forth herein.

29. The statements contained in Paragraph 29 are legal conclusions and therefore Red Door is not required to respond to them.

30. Red Door denies the allegations contained in Paragraph 30 of the Complaint.

31. Red Door denies the allegations contained in Paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF LABOR CODE SECTION 450

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

32. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 31 above as if set forth herein.

33. The statements contained in Paragraph 33 are legal conclusions and therefore Red Door is not required to respond to them.

34. Red Door denies the allegations contained in Paragraph 34 of the Complaint.

35. Red Door denies the allegations contained in Paragraph 35 of the Complaint.

## THIRD CAUSE OF ACTION

## FOR FAILURE TO REIMBURSE BUSINESS EXPENSES

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

36. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 35 above as if set forth herein.

37. The statements contained in Paragraph 37 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

38. Red Door denies the allegations contained in Paragraph 38 of the Complaint.

39. Red Door denies the allegations contained in Paragraph 39 of the Complaint.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PAY OVERTIME COMPENSATION

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

40. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 39 above as if set forth herein.

41. The statements contained in Paragraph 41 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

42. Red Door denies the allegations contained in Paragraph 42 of the Complaint except to admit that, on occasion, Plaintiffs were scheduled to work, and did work, more than eight hours in a work day and/or forty hours per week.

43. Red Door denies the allegations contained in Paragraph 43 of the Complaint except to admit that Plaintiffs' positions are not exempt from California's overtime pay provisions.

44. Red Door denies the allegations contained in Paragraph 44 of the Complaint.

45. Red Door denies the allegations contained in Paragraph 45 of the Complaint.

46. Red Door denies the allegations contained in Paragraph 46 of the Complaint.

47. Red Door denies the allegations contained in Paragraph 47 of the Complaint.

## FIFTH CAUSE OF ACTION

## FOR PAYMENT OF SECRET WAGES LOWER THAN DESIGNED SCALE

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

48. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 47 above as if set forth herein.

49. The statements contained in Paragraph 49 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

50. Red Door denies the allegations contained in Paragraph 50 of the Complaint.

51. Red Door denies the allegations contained in Paragraph 51 of the Complaint.

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

52. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 51 above as if set forth herein.

53. The statements contained in Paragraph 53 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

54. The statements contained in Paragraph 54 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

55. Red Door denies the allegations contained in Paragraph 55 of the Complaint.

56. Red Door denies the allegations contained in Paragraph 56 of the Complaint.

## SEVENTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES FOR REST BREAK PERIODS

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

57. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 56 above as if set forth herein.

58. The statements contained in Paragraph 58 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

59. Red Door denies the allegations contained in Paragraph 59 of the Complaint.

60. Red Door denies the allegations contained in Paragraph 60 of the Complaint.

61. Red Door denies the allegations contained in Paragraph 61 of the Complaint.

## EIGHTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES FOR MEAL PERIODS

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

62. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 61 above as if set forth herein.

63. The statements contained in Paragraph 63 of the Complaint are legal conclusions and therefore Red Door is not required to respond to them.

64. Red Door denies the allegations contained in Paragraph 64 of the Complaint.

65. Red Door denies the allegations contained in Paragraph 65 of the Complaint.

66. Red Door denies the allegations contained in Paragraph 66 of the Complaint.

## NINTH CAUSE OF ACTION

## FOR WAITING TIME PENALTIES UNDER LABOR CODE §203

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

67. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 66 above as if set forth herein.

68. Red Door denies the allegations contained in Paragraph 68 of the Complaint.

69. Red Door denies the allegations contained in Paragraph 69 of the Complaint.

70. Red Door denies the allegations contained in Paragraph 70 of the Complaint.

## TENTH CAUSE OF ACTION

## ILLEGAL NON-COMPETITION AGREEMENT

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

71. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 70 above as if set forth herein.

72. Red Door denies the allegations contained in Paragraph 72 of the Complaint except to admit that Plaintiffs signed written agreements with Red Door.

73. Red Door denies the allegations contained in Paragraph 73 of the Complaint.

74. Red Door denies the allegations contained in Paragraph 74 of the Complaint.

75. Red Door denies the allegations contained in Paragraph 75 of the Complaint.

## ELEVENTH CAUSE OF ACTION

## UNFAIR AND UNLAWFUL BUSINESS PRACTICES

## (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

76. Red Door repeats, realleges and incorporates by reference Paragraphs 1 through 75 above as if set forth herein.

77. Red Door denies the allegations contained in Paragraph 77 of the Complaint except to admit that Plaintiffs purport to bring this action pursuant to Business and Professions Code section 17200, et seq.

78. Red Door denies the allegations contained in Paragraph 78 of the Complaint.

79. Red Door denies the allegations contained in Paragraph 79 of the Complaint.

80. Red Door denies that Plaintiffs are entitled to the relief requested or to any relief at all.

81. Red Door denies all allegations not affirmatively admitted herein.

## **FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted to the named Plaintiffs or the putative class they seek to represent.

## SECOND SEPARATE DEFENSE

Some or all of Plaintiffs' claims and the claims of the putative class are barred by the applicable statute of limitations.

## THIRD SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over some of the claims of the named Plaintiffs and the putative class.

## FOURTH SEPARATE DEFENSE

Plaintiffs and the putative class failed properly to exhaust their administrative remedies, and to satisfy the statutory prerequisites, for their claims and the claims of the putative class.

## FIFTH SEPARATE DEFENSE

Plaintiffs lack standing with regard to some or all of their claims and some or all of the claims of the putative class.

## SIXTH SEPARATE DEFENSE

Some or all of Plaintiffs' claims and the claims of the putative class are barred by mootness.

## SEVENTH SEPARATE DEFENSE

Plaintiffs and the putative class members have failed reasonably to mitigate their damages, losses and injuries, if any.

## EIGHTH SEPARATE DEFENSE

As to some or all of the claims asserted, no entitlement to a jury trial exists, including claims to front pay and equitable relief.

## NINTH SEPARATE DEFENSE

The damage claims of Plaintiffs and the putative class are limited to applicable statutory caps.

## TENTH SEPARATE DEFENSE

Some or all of Plaintiffs' claims and the claims of the putative class are barred by laches, estoppel and waiver.

### ELEVENTH SEPARATE DEFENSE

Some of all of the alleged members of the proposed putative class may be exempt from the overtime provisions under California law.

WHEREFORE, Red Door requests the Court to deny certification of the class purported by Plaintiffs, to dismiss the Complaint, to award Red Door its costs, expenses and attorney fees, to enter judgment in Red Door's favor, and for further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 23rd day of May, 2008.

STEPTOE & JOHNSON LLP

By /s/
John Swenson
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, 28th Floor
Los Angeles, California 90067

Stephanie J. Quincy (*pro hac vice*)
Elizabeth A. Schallop Call (*pro hac vice*)
Robert G. Vaught (*pro hac vice*)
201 E. Washington, Ste. 1600
Phoenix, Arizona 85004

Attorneys for Defendant Red Door Salons, Inc

# PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 633 West Fifth Street, Suite 700, Los Angeles, California 90071.

On May 23, 2008, I served the following listed document(s), by method indicated below, on the recipients designated on the Transaction Receipt located on the Lexis/Nexis File & Serve website: **ANSWER.**

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 633 W. Fifth Street, Suite 700, Los Angeles, California 90071, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents, who received these documents at 633 W. Fifth Street, Suite 700, Los Angeles, California, 90071.

☐ **BY PERSONAL SERVICE**
☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.

☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).

☒ **BY ELECTRONIC SERVICE**
(via electronic filing service provider)
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, pursuant to the Court's Order mandating electronic service. See Cal.R.Ct.R.2053,2055, 2060.. To my knowledge, the transmission was reported as complete and without error.

☐ **BY ELECTRONIC SERVICE**
(to individual persons)
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address _____@steptoe.com at approximately _____. To my knowledge, the transmission was reported as complete and without error.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on May 23, 2008 at Los Angeles, California.

_____     _____
Type or Print Name                         Signature

---

1
ANSWER – Case No. 3:08-CV-1520-SC                                                                 552901

**SERVICE LIST**
<u>Lisa Knight, et al. v. Red Door Salons, Inc., et al.</u>
United States District Court for the Northern District of California

**COUNSEL FOR PLAINTIFFS**

Michael von Loewenfeldt
Michael NG
KERR & WAGSTAFFE, LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105-1528

Gary E. Moss
Mary Patricia Hough
Derek M. Thomas
LAW OFFICES OF MOSS & HOUGH
601 Van Ness Avenue, Suite 2030
San Francisco, CA 94102

Attorneys for Plaintiffs