IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KNIGHT and MARCIE DAVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RED DOOR SALONS, INC., an Arizona Corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:08-CV-1520-SC<br><br>**PROTECTIVE ORDER** |

This matter comes before the Court on the parties' Joint Stipulation for Entry of Protective Order pursuant to Fed. R. Civ. P. 26(c). The parties to this action, through their respective counsel, have agreed that certain information and documents which may be discovered or produced in connection with this civil litigation contain trade secrets and/or confidential and proprietary business information. The parties have further agreed to take reasonable steps to preserve the confidentiality of such information, to the extent it may be done in a manner that is consistent with the legitimate interests of the parties and the public.

WHEREFORE, HAVING FOUND GOOD CAUSE, IT IS HEREBY ORDERED:

1. "Confidential Information," as used in this Order, means any type or classification of information, document or deposition testimony relating to or arising out of trade secrets or other legally-protectable confidential and proprietary financial and/or investment information, business recommendations, business strategies or analysis, or

1

other business records whether produced or disclosed by a party to this litigation, or produced or disclosed by a person or entity not a party to this litigation. The Party or such other person or entity designating information as Confidential Information (the "Providing Party" or "Designating Party") shall designate only such information or documents that it in good faith believes contains Confidential Information as defined in the previous sentence. Confidential Information owned or controlled by a Party, or owned or controlled by a third party providing discovery in this action, may be designated "Confidential." Such information, document or thing may include, without limitation, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P. 30; written responses to interrogatories pursuant to Fed. R. Civ. P. 33; documents produced pursuant to Fed. R. Civ. P. 26 or Fed. R. Civ. P. 34; answers to requests for admission pursuant to Fed. R. Civ. P. 36; testimony, documents and things provided pursuant to Fed. R. Civ. P. 45; and any data, reports, opinions and conclusions derived therefrom; and all information, documents, testimony and things relating in any way to the substance of the foregoing, including, but not limited to, copies, summaries, or abstracts of the foregoing.

2.  "Party," as used in this Order, shall mean the individual parties in the above-captioned matter or any named party subsequently added.

3.  Pursuant to this Protective Order, Confidential Information may be designated as follows:

    a.  All information, documents or things produced and/or made available for review by any Party or third party shall be considered as Confidential Information if stamped, marked or otherwise designated as "Confidential." The producing party shall stamp, mark or otherwise designate "Confidential" on each document that it believes contains Confidential Information;

    b.  Information disclosed at a deposition may be designated as Confidential Information by indicating on the record during the deposition that the testimony and/or exhibit is confidential and subject to the provisions of this Order. If counsel attending a deposition fails to designate any portion of the transcript or exhibits as

2

confidential on the record at the deposition, or if the deposition predated the entry of this Order, such counsel shall have thirty (30) days after (i) the mailing of the transcript by the court reporter, or (ii) the entry of this Order, whichever is later, within which to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript or exhibits that contain Confidential Information, and directing the reporter to mark those portion(s) of the transcript or exhibits accordingly;

      c.    Any Party may object to the designation of particular Confidential Information by giving written notice to the Providing Party. The notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after notice is received, it is the obligation of the Providing Party to file an appropriate Motion within ten (10) business days thereafter requesting that the Court determine whether the subject information should be covered by this Protective Order. If such a Motion is timely filed, then the subject information shall be treated as Confidential Information under this Protective Order until the Court rules on the Motion. If the Providing Party fails to file such Motion within the prescribed time, then the subject information shall lose its designation as Confidential Information under this Order, until such time as the Court rules to the contrary. In connection with a Motion filed under this provision, the Providing Party shall bear the burden of persuading the Court that the subject information does indeed constitute Confidential Information and that its confidentiality should remain protected, and the fact that the Providing Party designated the subject information as Confidential Information shall have no bearing upon the Court's ruling. The provisions contained herein shall not apply to any information designated as "Confidential" at the time it is made available as to which it is subsequently (i) agreed in writing by the Providing Party not to be deemed confidential; or (ii) ruled by the Court not to be confidential; and

      d.    Confidential Information shall be treated in accordance with this Order unless and until the Court rules to the contrary.

4. All Confidential Information produced or exchanged in the course of this case shall be used solely for the purpose of the above-captioned action, and only the above-captioned action, and for no other purpose whatsoever. The restrictions on use of Confidential Information as set forth herein shall survive the conclusion of this action and, after conclusion of this action, the Court shall retain jurisdiction for purposes of enforcing this Order. Restrictions and Obligations set forth herein relating to Confidential Information shall not apply to any information which the Parties agree, or the Court rules (a) was or becomes public knowledge other than as a result of disclosure by the Receiving Party; (b) has or shall come into the Receiving Party's legitimate possession independently of the Providing Party; or (c) was otherwise not entitled to confidentiality.

5. Confidential Information shall not be disclosed to any persons other than to the following persons, all of whom shall be bound by the terms of this Protective Order:

   a. The Parties to this case and their employees;

   b. Attorneys for the Parties in this action, including outside trial counsel as well as in-house counsel, and employees and contractors of such attorneys to whom it is necessary that the materials be shown for purposes of this case;

   c. Experts retained for the purpose of assisting in trial preparation or to provide expert testimony in this case, but only if such experts have first agreed in writing to be bound by the terms of this Order by signing Exhibit A (sometimes referred to as the "Agreement");

   d. The judge, jury, Court staff, trial witnesses at the time of trial and any court reporters used in this action, subject to the provisions of paragraph 13 below, where applicable;

   e. Any mediator or third party who may be appointed by stipulation of the Parties to assist them in potential settlement of this case, but only if such mediators or third parties have first agreed in writing to be bound by the terms of this Order;

   f. Court reporters and their staff; and

     g.    Any other person whose testimony regarding the Confidential Information is noticed to be taken in this litigation, except that such a person may only be shown Confidential Information during his or her testimony and only after being advised by counsel of this Order, its meaning and purpose, and only after signing Exhibit A.

    6.    Before discovering counsel may provide Confidential Information to any person described in paragraphs 5(c)-(g), above, the person who is to receive the material shall read a copy of this Order, and shall evidence agreement to be bound to the terms, conditions, and restrictions of this Order by signing the form attached as Exhibit A to this Order.

    7.    If a witness at a deposition refuses to sign Exhibit A as required by paragraph 5, discovering counsel may not show Confidential Information to the witness, or examine the witness concerning the same. However, an agent of a Party may not refuse to testify regarding that Party's own Confidential Information by refusing to sign Exhibit A.

    8.    If counsel for a Party herein shall hereafter desire to make Confidential Information available to any person other than those referred to in paragraph 5, above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and inform counsel for the party that designated the information confidential of their desire to make the disclosure. If counsel are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 5 above, then disclosure may be made only on such terms as the Court may order.

    9.    It shall be counsel's responsibility to preserve and keep in a separate file all executed Agreements until the end of one year following the final termination of this action. Such Agreements shall be available for inspection and copying upon order of the Court.

    10.    No person generally identified in paragraph 5 who received Confidential Information as a result of pretrial discovery shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pretrial proceedings, the preparation for trial, or other proceedings in connection with this litigation.

11. Nothing shall prevent disclosure beyond the terms of this Order if each and every Party herein, and any person supplying the Confidential Information, consent to the disclosure of such information in writing in advance of such proposed disclosure, and the third parties to whom the information is disclosed sign a confidentiality agreement that adopts and incorporates the terms contained herein.

12. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a violation of this Order, nor shall it be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

13. In the event that any Party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in this case, such Confidential Information used therein shall be maintained under seal by order of the Court. The manner in which Confidential Information will be handled at trial will be addressed at the final pretrial conference.

14. Prior to the addressing the use of any Confidential Information at any pretrial hearing in this litigation, discovering counsel shall seek leave of the Court before the disclosure of Confidential Information in open court.

15. Nothing in this Order shall require disclosure of information protected by the attorney/client privilege or work-product doctrine. However, this Order shall not preclude any Party from requesting that the Court order the disclosure of such information.

16. Upon entry by the Court, the Order shall be effective immediately and will survive and remain in full force and effect after the termination of this action. Within one hundred (100) days after the conclusion of this case, all documents and all reproductions of any documents designated as Confidential Information pursuant to this Order shall be returned to the Providing Party or such other person as the Providing Party may designate in writing, or shall be destroyed.

17. This Order shall in no way affect or impair the right of any party or person to compel discovery or seek additional or different protection for certain material, or to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

18. If any Party is found to have violated this Order, the Parties agree that the Court in this matter may impose any appropriate sanctions.

ENTERED this _____ day of _____, 2008.



July 2, 2008

7

**PROTECTIVE ORDER – Case No. 3:08-CV-1520-SC**

# EXHIBIT A

## **NONDISCLOSURE AGREEMENT**

I, _____, have read and understand the terms of the Protective Order ("Order") entered in *Lisa Knight and Marcie Dave v. Red Door Salons, Inc. et al.*, United States District Court for the Northern District of California, Case No. 3:08-CV-1520-SC. I agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further order of this Court. I consent to the jurisdiction of this Court for purposes of enforcing the Order, and I understand that the Court may impose sanctions on me if I violate the Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, in _____.

/s/ _____