Michael von Loewenfeldt (178665)
Michael Ng (237915)
KERR & WAGSTAFFE, LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105-1528
Phone: 415-371-8500
Fax: 415-371-0500

Gary E. Moss (43002)
Mary Patricia Hough (104542)
LAW OFFICES OF MOSS & HOUGH
601 Van Ness Avenue, Suite 2030
San Francisco, CA 94102
Phone: 415-399-1110
Fax: 415-399-1552

Attorneys for Plaintiffs Lisa Knight and Marcie Dave

John Swenson (224110)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Ste. 2800
Los Angeles, CA 90067
Phone: 310.734.3200
Fax: 310.734.3300

Stephanie J. Quincy (*pro hac vice*)
Elizabeth A. Schallop Call (*pro hac vice*)
Robert G. Vaught (*pro hac vice*)
STEPTOE & JOHNSON LLP
201 E. Washington, Ste. 1600
Phoenix, Arizona 85004
Phone: 602.257.5200
Fax: 602.257.5299

Attorneys for Defendant Red Door Salons, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KNIGHT and MARCIE DAVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RED DOOR SALONS, INC., an Arizona Corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:08-CV-1520-SC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

1

Pursuant to Civil L.R. 16-9, the parties to the above-entitled action, Lisa Knight and Marcie Dave (collectively, "Plaintiffs"), and Red Door Salons, Inc. ("Red Door" or "Defendant"), jointly submit this Case Management Statement and Proposed Order. The parties have agreed to conduct private mediation on or before September 19, 2008, and have separately filed a joint stipulation with the Court seeking an extension of the deadline to exchange initial disclosures until after the parties' completion of that private mediation.

**1. Jurisdiction and Service**. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1332(d) (the Class Action Fairness Act of 2005). The only named Defendant, Red Door Salons, Inc., has been served. Jurisdiction and venue are not contested.

**2. Brief Description of the Facts and Factual Issues in Dispute:**

<u>**Plaintiffs' Chronology of Facts:**</u> Plaintiffs Lisa Knight and Marcie Dave are former employees of Red Door, a corporation that owns and operates a salon and day spa doing business under the fictitious name Elizabeth Arden Red Door Spa. Plaintiffs bring this action on behalf of themselves and a class (the "Class") consisting of all hair stylists, aestheticians, masseuses, or any similar commissioned worker, employed by Defendants to work at Red Door Salons, Inc. within the applicable statute of limitations period through the date of this action's final disposition. Plaintiff Knight was employed by Red Door as an aesthetician beginning on March 31, 1999 until her resignation on July 27, 2007. Plaintiff Dave was employed by Red Door as a hair stylist from January 9, 2007 through and including September 27, 2007.

Plaintiffs and other class members were paid an hourly wage as a draw against commissions. When hired, Plaintiffs were promised that their commission would be a set percentage of the prices Red Door charged its customers. However, the commissions they were actually paid were not the promised percentage of actual prices charged to customers, but instead were based on a reduced amount Red Door called "commissionable prices." Though Red Door did not provide Plaintiffs with a breakdown or written explanation for the reduced service price, the deductions were allegedly for: the cost of "assistant charges," i.e., the cost of other Red Door

2

employees; the "cost of materials," which included the products Plaintiffs were required to use as part of their employment; unspecified sums for marketing; unspecified sums for unspecified benefits; and unspecified sums for the salon's operating expenses. In other words, Red Door regularly deducted amounts from Plaintiffs' wages to cover Defendant's own overhead and business expenses. All such deductions were in violation of applicable California law.

In addition, Plaintiffs were required to work on a schedule set by Defendants and were usually required to stay at work for all scheduled hours whether or not they had customer appointments. Plaintiffs were required to come to work approximately 15-20 minutes before the beginning of each scheduled shift to prepare their work areas. Plaintiffs were also required to attend meetings and classes in addition to their scheduled work hours. Plaintiffs, however, were not paid the proper amount of overtime for the periods when they were required to work more than eight hours a day in a workday or 40 hours in a work week. Defendants failed to keep proper time records, discouraged "early" clocking in, and therefore often failed to capture the first 15-20 minutes of work performed. Defendants also inaccurately calculated Plaintiffs' overtime pay based on the hourly rate of Plaintiffs' draw against commission, rather than including Plaintiffs' commission income in the "regular rate" calculation as required by California law.

Plaintiffs and other employees by Defendants were sometimes required to work without rest and or meal breaks as provided by IWC Wage Order No. 2-2001 (11)-(12). Defendant failed, however, to pay Plaintiffs for these missed breaks and meals as required by law. Plaintiffs were also required to enter into written agreements which, in clear violation of California law, purport to prohibit Plaintiffs and others from competing with Red Door during and after their employment by Red Door.

Red Door applied similar policies and deductions uniformly to all stylists, aestheticians and masseuses it employed, and have done so consistently since at least 2003, all in violation of applicable California law. Specifically, Plaintiffs' Complaint includes claims for unlawful wage deductions, violation of California Labor Code section 450, failure to reimburse business expenses, failure to pay overtime compensation, payment of secret wages lower than designated

3

scale, failure to provide accurate wage statements, failure to pay wages for meal and rest break violations, waiting time penalties, for illegal non-competition agreements, and unfair and unlawful business practices.

**Plaintiff's Statement of the Principal Factual Issues in Dispute:**

Plaintiffs identify the following factual issues in dispute:

a) The extent of Defendant's unauthorized deductions from the wages owed to Plaintiffs' and other Class members' including, but not limited to, deductions for "assistant charges," "cost of materials," "marketing," and "benefits."

b) The extent Plaintiffs and other Class members were forced to patronize Red Door, their employer.

c) The extent of Defendant's failure to reimburse business expenses paid by Plaintiffs and the other Class members.

d) The extent of Defendant's failure to pay overtime wages owed to Plaintiffs and other Class members.

e) The extent of Defendant's payment of a secret wage to Plaintiffs and other Class members in violation of California Labor Code section 223.

f) The extent of Defendant's failure to provide to Plaintiffs and other Class members an accurate, itemized wage statements from Defendants.

g) The waiting time penalties owed by Defendant to Plaintiffs and other Class members.

h) The extent of Defendant's use of contractual provisions purporting to prohibit Plaintiffs and other Class members from competing with Red Door.

i) The extent of Defendant's failure to keep and provide accurate wage and time records to Plaintiffs and other Class members.

**Defendant's Chronology of Facts**: Plaintiffs, Lisa Knight and Marcie Dave, former Red Door employees, filed this action on behalf of themselves and a purported putative class of all of Defendant's former and current commissioned employees in California during the relevant time

4

period, an estimated 160 individuals. Plaintiff Knight was employed as a Esthetician for Red Door from March 31, 1999 to July 27, 2007. Plaintiff Dave was employed as a Hair Stylist for Red Door from January 8, 2007 to September 26, 2007. Plaintiffs' Complaint includes numerous claims relating to the payment of their wages, meal and rest breaks, and other employment agreements with Red Door. Defendant denies Plaintiffs' claims.

Red Door pays employees in its technician positions, i.e., Hair Stylist, Esthetician, Make-up Artist, Massage Therapist, an hourly wage for all hours worked plus overtime at the applicable rate where entitled. These employees also are eligible for commissions on services provided and retail sales based on terms explicitly set forth in the technician's Offer Letter and other related documents.

Red Door's time clock policy specifically instructs its non-exempt employees to record their daily time by using the company's time clock and to take required meal breaks. Red Door provides its time clock policy to new employees for their review and signature, and posts it at the salon. In addition, its is Red Door's policy to schedule employees with paid rest break periods during the work day.

Red Door provides technicians with certain products to use while providing services for customers. The technicians also are able to bring some of their own tools to use in performing their jobs. In the event that an employee incurs expenses in the performance of his/her assigned tasks, Red Door reimburses employees for all necessary business expenses.

**Defendant's Statement of the Principal Factual Issues in Dispute**: At this early stage of litigation, Defendant has identified the following factual issues in dispute:

a)  Whether there is sufficient commonality of the factual issues in dispute to warrant certification of the proposed putative class in this action.

b)  Whether the claims or defenses of Plaintiffs are typical of the claims or defenses of the proposed class to warrant certification of the proposed putative class in this action.

c)  Whether Defendant made any unauthorized deductions from Plaintiffs' or the putative class members' wages.

5

  d) Whether Plaintiffs or the putative class members incurred any unreimbursed business expenses.

  e) Whether Plaintiffs and putative class members are owed any wages.

  f) Plaintiffs' and putative class members' agreed-upon wages.

  g) Whether Defendant maintained and provided accurate wage statements to Plaintiffs and putative class members.

  h) Whether Plaintiffs and putative class members were entitled to and/or received rest and meal periods under applicable law.

**3. Brief Statement of Disputed Legal Issues.**

**<u>Plaintiffs' Statement</u>.**

  a) Whether Defendant's deductions from Plaintiffs' and other Class members' wages violated California law. *See* Cal. Lab. Code § 221.

  b) Whether Defendant unlawfully compelled or coerced Plaintiffs or putative class members to patronize or purchase from Defendant anything of value in violation of California law. *See* Cal. Lab. Code § 450.

  c) Whether Defendant's practices constituted an unlawful failure to reimburse the business expenses incurred by Plaintiffs and other Class members. *See* Cal. Lab. Code § 2802.

  d) Whether Defendants unlawfully failed to pay overtime to Plaintiffs and other Class members. *See* Cal. Lab. Code § 200, IWC Order no. 2-2001(3), 29 U.S.C. § 207; *Division of Labor Standards Enforcement Policies and Interpretations Manual* § 49.

  e) Whether Plaintiffs and other Class members are entitled to waiting time penalties. *See* Cal. Lab. Code § 203.

  f) Whether Plaintiffs and other Class members were entitled to receive rest and meal periods under California law.

  g) Whether the non-competition contracts Defendant forced Plaintiffs and other Class members are unlawful.

6

h) Whether Defendant's practices constitute unlawful, unfair or fraudulent business practices. *See* Cal. Bus. & Prof Code § 17200 *et seq.*

i) Whether members of the Class are entitled to relief for Defendants' violations of California labor laws and, if so, the proper relief.

j) Whether this case may be maintained as a class action under Federal Rule of Civil Procedure 23.

k) Whether Plaintiffs and other Class members are entitled to monetary relief including, but not limited to, damages, restitution, interest and/or punitive damages.

l) Whether the statutes of limitations should be tolled on any of Plaintiffs and other Class members' claims.

**Defendant's Statement.**

a) Whether Defendant unlawfully collected any "wage" from Plaintiffs. *See* Cal. Labor Code § 221.

b) Whether Defendant unlawfully "compelled" Plaintiffs' "patronization." *See* Cal. Labor Code § 450.

c) Whether Defendant failed to reimburse any of Plaintiffs' or putative class members' business expenses. *See* Cal. Lab. Code § 2802.

d) Whether Defendant failed to pay Plaintiffs and the putative class members any owed wages. *See* Cal. Labor Code § 200, IWC Order No. 2-2001(3).

e) Whether Plaintiffs and members of the putative class are entitled to "waiting time penalties." *See* Cal. Labor Code § 203.

f) Whether Plaintiffs and members of the putative class have entered into enforceable restrictive covenants. *See* Business & Professions Code §16600.

g) Whether this case may be brought as a class action under Fed. R. Civ. P. 23.

h) Whether Defendant has engaged in "unfair competition" as defined in Business and Professions Code § 17200, et. seq.

7

      i)    Whether Plaintiffs or putative class members are entitled to monetary or other relief, including but not limited to damages, restitution, interest and/or punitive damages.

      j)    Whether the statutes of limitations should be tolled on any of Plaintiffs' or putative class members' claims.

      k)    Whether any provisions of Defendant's employment agreements with Plaintiff's or the putative class were in violation of California law.

**4. Motions:** The parties have filed no Motions. Plaintiffs presently anticipate filing a Motion for Class Certification. Defendant presently anticipates filing a Motion for Summary Judgment.

**5. Amendment of Pleadings:** Defendant may seek to amend its answer upon completion of initial discovery.

**6. Evidence Preservation:** Counsel for both parties have taken steps to preserve evidence relative to this case through notification of such obligation to their respective clients.

**7. Disclosures:** The parties have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26. The parties have agreed to and seek to postpone formal exchange of initial disclosures pending private mediation, which the parties have agreed to conduct on or before September 19, 2008. The parties have separately filed a joint stipulation with the Court seeking an extension of the deadline to exchange initial disclosures until after the parties' completion of private mediation.

**8. Discovery:** The parties agree to conduct discovery according to the parameters and limitations set forth in the Federal Rules of Civil Procedure. Plaintiffs have served Defendant with written discovery under Fed. R. Civ. P. 26, 33, 34 and 36, and the parties have agreed that responses are due on or before August 29, 2008. The parties further agree that Defendant will provide Plaintiffs with initial discovery responses upon the entry of a Stipulated Protective Order. Further, the parties propose the following discovery plan pursuant to Fed. R. Civ. P. 26(f).

    **a)**    **The Timing of Initial Disclosures:** The parties have agreed to and seek to postpone the formal exchange of initial disclosures pending private mediation, which the parties

8

have agreed to conduct on or before September 19, 2008. The parties have separately filed a joint stipulation with the Court seeking an extension of the deadline to exchange initial disclosures until after the parties' completion of private mediation.

**b)** **The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Limited to or Focused on Particular Issues:** The parties agree that discovery will be undertaken with respect to the identified factual and legal disputes in this action. The parties agree that discovery should be conducted in phases with the initial phase focused on the production of time and wage records of Plaintiffs and the proposed putative class. Defendant will begin to produce the requested information upon the Court's entry of a Stipulated Protective Order.

**c)** **Issues About Disclosure or Discovery of Electronically Stored Information:** The parties do not foresee any issues relating to the disclosure or discovery of electronically stored information.

**d)** **Issues About Claims of Privilege or of Protection:** The parties have agreed to jointly stipulate to the entry of a protective order relating to confidential information and documents. The parties foresee no other issues relating to privilege or protection at this time.

**e)** **Changes to the Limitations on Discovery:** The parties do not have any changes to discovery limitations imposed under the Rules.

**f)** **Any Other Orders Requested from the Court:** The parties intend to file a Stipulated Protective Order with the Court. In addition, the parties are actively engaging in settlement negotiations and if unsuccessful, have agreed to mediate this matter before a private mediator by September 19, 2008. To avoid the incurrence of undue effort and expense, the parties respectfully request that the Court schedule pertinent deadlines, including the deadline for initial disclosures, for after September 19, 2008 to allow the parties sufficient time to exchange the information necessary to facilitate settlement talks. The parties have separately filed a joint stipulation requesting the continuance of the Case Management Conference in this action pending completion of the scheduled mediation.

9

**9.    Class Action Issues:**

**Plaintiffs' Statement:** Defendant engaged in the conduct at issue here according to uniform policies and practices, which were applied consistently to Plaintiffs as well as the other members of the Class. The unlawful deductions, for example, were made pursuant to Red Door's uniform "commissionable rate" policy, and its contractual non-compete provisions were part of its standard employment contracts. The questions of law and fact at issue here, even as set forth by Defendant herein, are common to the entire putative Class, and Plaintiffs claims are typical of those asserted on behalf of the Class as a whole. There is no real basis for disputing that those common issues will predominate the proceedings, and no real dispute that the number of Class members makes joinder of all members impracticable, a class action, instead of individual litigation, is a superior vehicle for resolution of the disputes in this case. For those reasons, Plaintiffs plan to seek certification of a class action pursuant to Federal Rule of Civil Procedure 23, paragraphs (b)(1)(A), (b)(2) and (b)(3).

**Defendant's Statement**: Defendant maintains that this case is not suitable for class action for several reasons, including but not limited to the following: 1) there may not be questions of law or fact common to the putative class; 2) the claims of the representative parties may not be typical of the claims of the putative class; 3) the representative parties may not fairly and adequately protect the interests of the class; and 4) the merits of each putative class member's claim turn upon an examination of highly individualized and unique facts.

**10.    Related Cases**: The parties are not aware of any related cases.

**11.    Relief:**

**Plaintiffs' Statement:**

Plaintiffs, on behalf of themselves and the class, pray for relief as follows:

    a) Certification of this action as a class action on behalf of the Class;

    b) Designation of Plaintiffs as representatives of the Class;

    c) Reimbursement of all improper wage deductions and unreimbursed business expenses;

10

d) Unpaid overtime premium compensation as provided by California law for overtime hours worked;

e) Compensation at the rate of one hour of regular pay for each instance in which Plaintiffs or any other Class member worked through a rest break or was not provided a proper rest break for every four hours worked;

f) Compensation at the rate of one hour of regular pay for each instance in which Plaintiffs or any other Class member worked through a meal period or was not given a proper meal period;

g) A declaratory judgment that the practices complained of in this complaint are unlawful under California law;

h) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

i) An award of damages, according to proof;

j) All penalties required by California law;

k) Attorneys' fees and costs, including expert fees, and expenses as provided by California law;

l) For prejudgment and post-judgment interest at the maximum legal rate; and

m) Such other relief as the Court deems just and proper

**Defendant's Statement**: Defendant asserts that Plaintiffs and the putative class are not entitled to any recovery in this action. Defendant is not presently asserting any claim for relief except to reserve its right to seek an award of costs and attorneys' fees.

**12.** **Settlement and ADR:** The parties are actively engaged in settlement discussions, and have agreed to participate in private mediation on or before September 19, 2008.

**13.** **Consent to Magistrate:** The parties do not consent.

**14.** **Other References:** The parties propose no other references at this time.

11

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**(No. 3:08-CV-1520-SC)**

**15. Narrowing of Issues:** The parties are committed to narrowing the issues as much as possible. At this early stage of litigation, and given ongoing settlement negotiations, the parties do not request bifurcation of any claims, defenses or other issues.

**16. Expedited Schedule:** If the parties are unable to reach a settlement of this matter prior to the agreed deadline of September 19, 2008, the parties request expedited treatment of this action.

**17. Scheduling:** The parties propose the following deadlines:

a) Designation of Experts:
  a. Plaintiffs: November 7, 2008.
  b. Defendant: January 9, 2009.
  c. Plaintiffs Rebuttal Expert Witnesses and Reports: February 20, 2009.
b) Discovery cutoff: April 10, 2009
c) Dispositive Motion Deadline: June 8, 2009
d) Trial: On or after August 7, 2009 – or 60 days after resolution of dispositive motions, whichever is later.
e) Pretrial Conference: 30 days prior to trial.

**18. Trial:** Plaintiffs have requested a jury trial. Defendant does not oppose the request. The parties anticipate that trial will last at least 5 judicial days.

**19. Disclosures of Non-Party Interested Entities:**

**Plaintiffs' Statement:** Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. Pursuant to the Court's Standing Order Regarding Contents of the Joint Case Management Statement, Plaintiffs affirmatively state that they are aware of no other non-party with a financial interest in the subject matter in controversy or in a party to the proceeding, or have a non-financial interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of the proceeding.

**Defendant's Statement**: Defendant has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. Pursuant to the Court's Standing Order

Regarding Contents of Joint Case Management Statement, Defendant affirmatively states that the following corporations have a financial interest in the subject matter in controversy or in a party to the proceeding, or have a non-financial interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of this proceeding: Defendant Red Door Salons, Inc. is a wholly-owned subsidiary of Elizabeth Arden Spas, L.L.C. Elizabeth Arden Spas, L.L.C. is a wholly-owned subsidiary of Elizabeth Arden Salon-Holdings, Inc.

20. **Other Matters:** None.

Dated: July 7, 2008

LAW OFFICES OF MOSS & HOUGH
KERR & WAGSTAFFE LLP

By /s/
   Gary E. Moss
   Mary Patricia Hough
   Derek M. Thomas
   LAW OFFICES OF MOSS & HOUGH
   601 Van Ness Avenue, Suite 2030
   San Francisco, CA 94102

   Michael von Loewenfeldt
   Michael Ng
   KERR & WAGSTAFFE LLP
   100 Spear Street, Suite 1800
   San Francisco, CA 94105-1528

Attorneys for Plaintiffs

STEPTOE & JOHNSON LLP

Dated: July 7, 2008

By /s/ Robert G. Vaught
   Stephanie J. Quincy (*pro hac vice*)
   Elizabeth A. Schallop Call (*pro hac vice*)
   Robert G. Vaught (*pro hac vice*)
   201 E. Washington, Ste. 1600
   Phoenix, Arizona 85004

   John Swenson
   STEPTOE & JOHNSON LLP
   2121 Avenue of the Stars, 28th Floor
   Los Angeles, California 90067

Attorneys for Defendant Red Door Salons, Inc.

**PROPOSED CASE MANAGEMENT ORDER**

The Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____                    _____
                                                United States District Judge

**PROOF OF SERVICE BY MAIL**

I am employed in Phoenix, Arizona. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Steptoe & Johnson LLP, 201 E. Washington Street, Ste. 1600, Phoenix, Arizona. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July _7_, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

in a sealed envelope, postage fully paid, addressed as follows:

>Michael von Loewenfeldt
>Michael NG
>KERR & WAGSTAFFE, LLP
>100 Spear Street, Suite 1800
>San Francisco, CA  94105-1528
>
>Gary E. Moss
>Mary Patricia Hough
>Derek M. Thomas
>LAW OFFICES OF MOSS & HOUGH
>601 Van Ness Avenue, Suite 2030
>San Francisco, CA  94102

>Attorneys for Plaintiffs

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July _7_, 2008 at Phoenix, Arizona.

/s/ Michele L. Galvez, Legal Secretary